Odle v. Odle.

---

ODLE v. ODLE *et al., Appellants.*

1. **Recorded Title**: NOTICE OF EQUITIES. A person purchasing land from one who appears by a recorded deed to be the owner in fee, is not bound by equities existing in favor of a stranger to the deed, when the only notice of such equities is imparted by deeds not affecting the land in question, and he is not otherwise informed of them. He is not required to search the records or elsewhere to ascertain whether there are equitable rights which could be asserted against the title of the apparent owner.

2. **Ejectment**: EQUITY JURISDICTION. One who holds both the legal and equitable title can assert his rights in an action of ejectment. He will not, therefore, be permitted to resort to equity.

*Appeal from Henry Circuit Court.*—HON. F. P. WRIGHT, Judge.

REVERSED.

| 73 | 289 |
| 120 | 514 |
| 73 | 289 |
| 131 | 113 |
| 131 | 155 |

*Pratt, Brumback & Ferry* for appellants.

HENRY, J.—By this proceeding, plaintiffs seek to set aside a deed of trust of certain lands executed by John Odle and wife to Wallace Pratt, in trust to secure the payment of a sum of money owing by said Odle to the defendant insurance company. The following facts are admitted and agreed upon by both parties: That the plaintiffs, Calvin Odle, Dorotha Odle, James William Odle and John Henry Odle, are minors; that they are the only legal heirs of Janette M. Odle, deceased; that Charles T. Collins is their curator; that on the — day of January, 1863, one W. F. Haines died intestate, leaving as his only heirs at law S. F. Williams, Calvin Williams and Dorotha J. Shelton, formerly Williams, and Janette M. Odle, formerly Williams, the mother of these plaintiffs; that said W. F. Haines died seized and possessed of the land described in the petition of plaintiffs; that each of said uncles and aunts was entitled to one-fourth part of said real estate upon the death of said Haines; that at the time of the decease of said Haines, Janette M. Odle was the wife of John Odle, one of the defendants, who is the father of plaintiffs; that in November, 1865, after the death of said Haines, an amicable arrangement was made between the above named heirs of said Haines for the partition of said land which descended to them from said Haines; that said arrangement was entered into while the mother of these plaintiffs was living with John Odle as his wife; that in order to carry out said arrangement the mother of these plaintiffs joined with her husband in a conveyance to the other co-heirs with her in said Haines' estate, to-wit: Calvin Williams and S. F. Williams, by which she conveyed to her said brothers the part of said real estate allotted to each one of them respectively, which conveyances are recorded in book O, pages 163 and 164; that about the time said arrangement for said partition was made, the said defend-

ant, John Odle, bought the interest of Dorotha J. Shelton for about $500; that the conveyance from Calvin Williams, S. F. Williams and Dorotha Shelton, conveying to John Odle the land described in the petition, is herewith filed and made a part hereof; that the consideration for the conveyance of the interest of said Dorotha Shelton in said deed moved from John Odle, and the consideration for the conveyance of Janette M. Odle's interest therein was the conveyance by her to the other heirs, of her interest in the estate of said Haines, and no consideration moved from John Odle to the grantors in said deed, for the conveyance to him of the interest of his then wife; that said deed to John Odle, as well as the deeds from Janette M. Odle and John Odle to the other heirs, was duly acknowledged so as to pass the whole title each had in the interest of the others respectively, and was filed for record on the 20th day of November, 1865; that said Janette M. Odle died in 1872; that since the death of the mother of plaintiffs, John Odle and his present wife have executed and delivered to Wallace Pratt, one of the defendants herein, as trustee for the Northwestern Mutual Life Insurance Company, a deed of trust conveying the following portion of land described in the deed to John Odle, above referred to, and which was inherited by the mother of these plaintiffs, from said Haines, to-wit: The northeast quarter of northeast quarter section 31, and north half of northwest quarter section 32, township 42, range 26, to secure the payment of certain indebtedness owing by said Odle to said Northwestern Mutual Life Insurance Company, which deed is duly recorded in book 8, pages 33, 34 and 35; that prior to the execution of said deed of trust, the deeds above referred to making partition of said land between said heirs, had been duly recorded in the recorder's office in Henry county, Missouri, and that prior to the execution of said deed of trust, the Northwestern Mutual Life Insurance Company had inspected, by its agents, an abstract of the title to said real estate; that no conveyance was ever made

by Janette M. Odle to any one of her undivided interest in the land conveyed to John Odle; that neither the North-western Mutual Life Insurance Company nor the said Pratt, prior to the execution of said deed of trust, had any knowledge of the facts hereinbefore stated relative to the agreement and partition between the heirs of William F. Haines, deceased, or that the deed to John Odle conveyed any part of said premises in trust for said Janette M. Odle, other than may be contained in said deed to John Odle, hereto annexed, and the conveyance from John Odle and Janette M. Odle to the other heirs hereinbefore referred to, and that said deed of trust was executed by said John Odle to secure a loan of $1,000, made by said Northwestern Mutual Life Insurance Company to said John Odle at the date of said deed of trust.

The deed to John Odle, constituting part of such agreed statement of facts, was duly signed, sealed and acknowl-edged, and omitting signatures, seals and acknowledgment, is as follows: "Know all men by these presents, that, whereas, one Wm. F. Haines departed this life on the — day of January, 1863, inheriting from his father, C. M. Haines, the following real estate, lying in the county of Henry, State of Missouri, to-wit: The southeast quarter section No. 20, except twenty acres of east side, and 'Old Mill Tract' in southwest corner of same; the northwest quarter of section No. 32; the east half of northeast quar-ter section No. 31, and the southeast quarter of southeast quarter section No. 30, in township No. 42, of range No. 26; containing 336 20-100 acres; leaving Squire F. Williams, Calvin Williams, Jane M. Odle, formerly Jane M. Williams, Dorotha J. Shelton, formerly Dorotha J. Williams, his uncles and aunts on the side of his mother, as his only heirs at law. Therefore, the said Squire F. Williams and Jane his wife, Calvin Williams and Mary J. his wife, Mark A. Shelton and Dorotha J. his wife, for and in considera-tion of the sum of $520, to them in hand paid by John Odle, the receipt whereof is hereby acknowledged, and for

the further purpose of making a division of said land, have granted, bargained and sold, and by these presents do grant, bargain and sell unto John Odle the following portion of said real estate, to-wit: Beginning at a point seven chains and forty links distant east from the northwest corner of the southeast quarter, section No. 20, thence south thirty-seven chains, thence east two chains and sixty links to northeast corner of 'Old Mill Tract,' thence south three chains, thence east four chains and eighty links to southwest corner of G. W. Britt's, thence north forty chains, thence west seven chains and forty links to place of beginning, containing 28 82-100 acres; also the north half of the northwest quarter section No. 32, and the northeast quarter of the northeast quarter section No. 31, and the southeast quarter of the southeast quarter section No. 30; all in township No. 42, of range No. 26, containing 188 82-100 acres; to have and to hold the same unto John Odle and his heirs forever, free from the claim or claims of all persons whomsoever."

The court made the following decree, from which defendants have appealed: " Wherefore it is ordered, adjudged and decreed by the court that said deed of trust so executed by said John Odle to said Pratt, trustee for said Northwestern Mutual Life Insurance Company, be set aside and for naught held, so far as these plaintiffs are concerned, and that said defendant, John Odle, execute and deliver to said plaintiffs a good and sufficient deed conveying to them the one undivided one-half of the above described real estate; and if said Odle fail or refuse to execute to plaintiffs such deed, that all the title of said John Odle in and to said real estate be divested out of the said John Odle and vested in said plaintiffs."

The deed to John Odle did not convey the interest of Jane M. Odle in the land. She was not a party to the deed, neither as grantor or grantee. She, with the other heirs of Wm. F. Haines, joined in a deed conveying to S. F. and Calvin Williams, each, specific portions of the 360

acres, by way of partition, and Calvin and S. F. Williams, and their sister, joined in the deed to John Odle conveying the balance of said land, 188 82-100 acres, which composed in quantity the fourth he purchased of Mrs. Shelton and Mrs. Odle's one-fourth. As Mrs. Odle was not a party to that deed, her legal title to the undivided one-fourth of the lands conveyed to Odle remained in her, and descended to her heirs, the plaintiffs.

If the trustee in the deed of trust and the insurance company, are to be held as innocent purchasers, without 1. RECORDED TITLE: notice of the equity of Mrs. Odle, then they notice of equities. can hold so much of the land as John Odle acquired a legal title to. We are of the opinion that the defendants are not affected with notice of Mrs. Odle's equity. There is nothing on the face of the deed to John Odle to impart such notice. Jane Odle was not a party to that deed. While it purports to convey 188 82-100 acres, it in fact conveyed but an undivided three-fourths—the title to the other fourth remaining in Mrs. Odle. Of the consideration expressed in the deed, the grantors acknowledge the receipt, not by one only, but by all of them. It does not appear in that deed that Jane Odle was the wife of John Odle, nor is there, therein, any reference to the partition agreement. The grantors each had a legal title to one-fourth of the land, and had the legal right to convey it, and the purchaser from John Odle was not obliged to search the records or elsewhere in order to ascertain whether there were any equitable rights which could be asserted against it. Mrs. Odle's equity originated in the partition agreement, of which there was no record to impart notice, and in the deeds executed by her to her two brothers. These deeds disconnected from the partition agreement, and making no reference to it, could impart no notice of her equity.

Mrs. Odle's heirs have both the legal and equitable title to an undivided one-fourth of all the lands conveyed to

2. EJECTMENT: equity jurisdiction. John Odle by the deed in question, and no more, and as their rights can be asserted in an action of ejectment against the parties in possession, the judgment is reversed.   All concur.

73   295
102   340
42a   350

73   295
50a   91

73   295
121   536

73   295
128   17

73   295
134   402

73   295
143   98

73   295
77a   331