HOLLAND *et al.*, *Appellants*, v. JOHNSON.

**Equity**; VOID DEED NO CLOUD ON TITLE: CHANGE OF VENUE. In an action against several defendants, originating in Hickory county, some of the defendants applied for a change of venue, and the court ordered a change, as to them, to Pettis county. The court in Pettis county afterward rendered judgment against one of the defendants who had not joined in the application for the change, and who never appeared to the action and was served only by publication; and his land was sold to satisfy the judgment. In a suit brought by this party to set aside the sheriff's deed, these facts, among others, appearing in the petition; *Held,* that the petition was bad on demurrer; that the court in Pettis county obtained no jurisdiction of this party; that the judgment was, therefore, a nullity as against him, and the deed was void, and so there was nothing upon which a court of equity could act.

SHERWOOD, J., agreed that no title passed by the sheriff's deed, but held that it was a cloud upon the plaintiff's title, which ought to be removed by a suitable decree.

*Appeal from Hickory Circuit Court.*—HON. R. W. FYAN, Judge.

AFFIRMED.

*A. S. Smith* and *F. P. Wright* for appellants.

*Smith & Krauthoff* with *Nixon & Wallace* for respondent.

EWING, C.—Plaintiffs filed their petition in the circuit court of Hickory county, November, 1875, against the respondent to have a certain deed set aside for fraud. Defendant demurred to the petition, which was sustained, and the case is here on appeal as to the sufficiency of the petition.

The petition alleges that in April, 1866, the plaintiff, Henry W. Holland, sold and conveyed to Thomas Holland certain land in Hickory county, (describing it,) which is the land in controversy; that a deed from one Quigg, sheriff of Hickory county, to the defendant, Marshall W. Johnson, conveying the land in controversy, is on file in

Hickory county, which deed recites that on July 22nd, 1864, a writ of attachment issued from the circuit court of Hickory county in favor of said Johnson and others and against Henry W. Holland and Alexander Foster, which was levied on the land in dispute as the property of Henry W. Holland; that on July 31st, 1867, a judgment was rendered in the circuit court of Pettis county in favor of respondent Johnson and others and against Henry W. Holland and others for $30,000, and costs, and the said lands ordered sold; that on February 28th, 1868, said lands were sold to defendant Johnson for $604.

The petition in this case then alleges that in this attachment proceeding the only notice had by Henry W. Holland was by publication; that the petition in the attachment suit alleged that Henry W. Holland and others had committed a trespass by taking goods, etc., of the value of $30,000; that a part of the defendants in that proceeding were served with a summons and Henry W. Holland and others only by attachment and publication; that the said sheriff and the plaintiffs in said suit failed at any time to "file a notice of said suit or abstract of the lands so attached;" that the notice by publication failed to state the amount claimed as damages for the alleged trespass; that at the September term, 1864, of said circuit court of Hickory county a part of the defendants in said suit, to-wit: Charles A. Pippin, John F. Stark, John Huffman, Jesse Huffman, Wallace Drumon and George W. Rains, appeared and answered, and at the same term a judgment by default was rendered against Benj. H. Massey, another of said defendants; that at the September term, 1865, of said court, John F. Stark, John Huffman and Wallace Drumon filed a petition for a change of venue, but that said petition was irregular in that it failed to state that "the facts upon which it was based had come to the knowledge of said defendants after the filing of their answer," as required by law, also irregular in that it alleged that "one of the said plaintiffs had such an influence over the seventh and fourteenth

judicial circuits and over that portion of the first circuit south of the Osage, that a fair trial could not be had," etc.; and failed to allege "the defendants had an undue influence over the minds of the inhabitants of Hickory county where the suit was pending;" that the affidavit to said petition for a change of venue was sworn to by only one of said defendants; that afterward, at the September term, 1865, of said court, upon the petition of the parties named, "a minority of the defendants in said cause, and while the aforenamed interlocutory judgment against said Massey was standing, and while the answer of a part of the defendants was on file, and without the knowledge, appearance or consent of Henry W. Holland and Alexander Foster, or any other of said defendants, save those named in the petition for a change of venue, the court ordered a change of venue to the circuit court of Pettis county, as to the parties which had made the aforenamed application therefor;" that a transcript was filed in Pettis county, and on November 2nd, 1865, said court gave plaintiffs leave to file an amended petition; that on the 6th day of January, 1866, plaintiffs filed their amended petition against all of the defendants, and a bill of items upon which it was based; that in the amended petition plaintiffs alleged and claimed damages to the amount of $135,000, whereas the original petition alleged and claimed damages for $30,000, and that said amended petition set forth, named and claimed damages for the taking of goods and property which had not been named in the original petition; that when the amended petition was filed the plaintiffs caused a notice to B. H. Massey and Henry W. Holland to be made, that they had filed an amended petition, upon which the sheriff of Hickory county certified that said Massey and Holland could not be found in Hickory county, and the sheriff of Pettis county returned that he served the defendants therein by "posting up a true copy of the same on the door of the office of the clerk of the circuit court of Pettis county, Missouri, on the 13th day of December, 1866;" that that

was the only notice issued to Holland of the filing of the amended petition, and that there was no appearance thereto by Massey or Holland or Foster; that afterward, in April, 1866, John Stark, John Huffman, Jesse Huffman, Wallace Drumon and George W. Rains, filed their answer to the amended petition; that on the 31st day of July, 1867, the Pettis circuit court rendered judgment against John and Jesse Huffman for costs, " and upon motion of plaintiffs dismissed said cause as to them and all other defendants save Henry W. Holland, Alex. Foster, William F. Hicks and Benj. II. Massey, and then rendered judgment against said Henry W. Holland, Foster, Hicks and Massey for $30,000; that said judgment did not recite notice to either of said defendants, but only that they had been three times solemnly called; that said judgment ordered a special execution against the lands of Holland and a general judgment against Holland and the other defendants; that there never was any service of notice on Henry W. Holland, except the notice by publication aforesaid; that there was no notice to or service on Foster, and that he was dead before the suit commenced, nor on Massey, and that he was dead before the amended petition was filed, and no appearance by Henry W. Holland, or Hicks, or Foster or Massey; that the petition in the attachment proceeding alleged that in October, 1861, Henry W. Holland and others unlawfully, wrongfully and maliciously, took, carried away and converted to their own use goods, etc., of the value of $30,000, whereas it was not true; and that said allegations were false and fraudulent as to said Holland, and made for the purpose of defrauding and cheating said Holland; that said sale was made on judgment for costs rendered against other defendants than Henry W. Holland and Foster, and not against them.

The only question is as to the sufficiency of the petition. The defendant demurred to the petition because it does not state facts sufficient to constitute a cause of action, and of course thereby admits its allegations to be true.

The purpose of this proceeding is to set aside a sheriff's deed for fraud on the plaintiff Henry W. Holland, and it is alleged that such deed is based upon a sale under a judgment in a suit by attachment commenced in Hickory county, thence taken to Pettis county, where judgment was rendered and the attached land ordered sold.   The attachment suit was by Johnson, the defendant here, and others, against Henry W. Holland and others, and at the sale Johnson became the purchaser.   It is alleged in the petition, and admitted by the demurrer thereto, that "John F. Stark, John Huffman, Jesse Huffman and Wallace Drumon, part of the defendants in said cause," to-wit, in the attachment suit, "filed a petition for a change of venue from Hickory county circuit court; that at the September term of said court, upon said petition of a portion and minority of said defendants, and without the knowledge or consent or appearance of Henry W. Holland, Alex. Foster or any other of said defendants, save those named in the petition for a change of venue, the court ordered a change of venue to the circuit court of Pettis county, as to the parties which had made the aforenamed application therefor."   If these allegations be true, which are admitted by the demurrer, then the circuit court of Pettis county only had jurisdiction of those defendants who applied for the change of venue, and who alone were included in the order.   Holland then was not in court.   The venue of the case was not changed as to him.   The Pettis court could have no jurisdiction over him, except as acquired by the change of venue; and the order changing the venue was "as to the parties which made the aforenamed application therefor;" and Holland was not one of them.   As to the parties not included in the change of venue the case remained in Hickory county, and the judgment of the Pettis court as to Holland and the others not so before it was a nullity. The sale under such judgment is void, and hence Johnson's deed from the sheriff passed no title and is worthless. Hence the petition states too much.   It shows the deed sought to

be set aside is void, which leaves nothing for a court of equity to do, and shows the plaintiff has a complete and adequate remedy at law. *Janney v. Spedden*, 38 Mo. 396; *Odle v. Odle*, 73 Mo. 289. This conclusion settles the case, and it is not necessary to further examine the questions presented.

The judgment of the circuit court should be affirmed. PHILIPS, C. concurring; MARTIN, C., absent.

So ordered, SHERWOOD, J., dissenting.

SHERWOOD, J.—I agree that the defendant acquired no title, but think that under the ruling in *Harrington v. Utterback*, 57 Mo. 519, and cases cited, the judgment should be reversed and the cloud removed from plaintiff's title by suitable decree.