Fears v. Riley.

FEARS, Appellant, v. RILEY et al.

Division One, February 15, 1899.*

1. Judgment: OBTAINED BY FRAUD: SETTING ASIDE. In order to set aside a judgment for fraud, even in a direct proceeding, it must appear that the fraud was practiced in the very act of obtaining the judgment.

2. ——: ——: ——: NONRESIDENT PLAINTIFF: JOINING MINOR. Whether or not the plaintiff who afterwards obtained judgment by default against the plaintiff in this case, was a non-resident of the county where her suit was brought, and joined a minor as a defendant only that she might bring the suit in the county, were questions open to denial and contest at the trial, and whether raised there or not, and whether true or false, the judgment of the court in that cause can not be set aside on such grounds in this, a different suit.

3. Actions: TORTS: LIABILITY OF INFANTS. A minor who circulates a libel is liable in an action for tort.

4. Judgment: FRAUD: OBTAINING CIVIL PROCESS THROUGH CRIMINAL PROSECUTION. One who wrongfully brought a defendant to a county under a criminal warrant, and then had a summons served on him in a civil case, did not commit such a fraud on the court as to justify the setting aside of a judgment thereafter rendered in the civil suit, since those matters could have been used by defendant as a defense.

5. ——: ——: WHILE MOTION FOR COSTS IS PENDING. Taking judgment while a motion for security for costs is pending, is not a fraud upon the court, since the court takes judicial notice of the state of the case as shown by its own record.

*NOTE.—Decided December 8, 1898. Motion for rehearing filed; rehearing denied February 15, 1899.

Fears v. Riley.

6. **Practice:** MOTION DISPENSING WITH ANSWER. Only motions going to the merits, dispense with the necessity of answering.

7. ————: SUMMONS: FAILURE TO RETURN: NECESSITY FOR ALIAS. A summons was issued at the February term commanding the sheriff to summon one Fears to appear at the next September term, and was properly served on him, but the sheriff did not make return, and at the September term an alias summons was ordered to be issued to the same sheriff and the cause continued, but before the end of the term the sheriff made return of the first summons, and thereupon plaintiff directed the clerk not to proceed with the order for the alias summons. *Held*, that this was no fraud upon the court, nor was Fears entitled to be relieved of a judgment rendered against him, on the ground that he was advised by his attorney that he did not have to answer until the alias summons was served upon him.

8. **Pleading:** AMENDMENT AFTER CHANGE OF VENUE: NEW DEFENDANTS. The court has the power after a case has been brought to it by change of venue, without having adjudged the petition insufficient, to permit plaintiff to amend his petition by increasing the amount asked for, and by bringing in new defendants residing in other counties, and by issuing summonses for them, and after such amendment and the serving of the summonses, to permit the plaintiff to dismiss as to all of the original plaintiffs resident of the county where the suit was brought.

9. **Practice:** CHANGE OF VENUE: TRANSFERS ENTIRE CAUSE. Prior to the Act of 1895, a change of venue to another county, upon the application of one or more defendants, changed the cause as to all the other defendants, whether they joined in the application or not (Overruling Holland v. Johnson, 80 Mo. 34.)

10. ————: CONSTRUCTION OF STATUTE: UNDERSTANDING OF BAR. The common consent of the legal profession as to the meaning of a statute is a persuasive force in its construction.

*Appeal from Randolph Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

HARRY L. STROHM, W. G. MARSHALL, R. F. WALKER and MARTIN & TERRILL for appellant.

(1) On the merits the judgment of the court below was wrong. First. The defendant is entitled to equitable

relief, because the judgment sought to be enjoined is without foundation, is unjust, inequitable, unconscionable and void. Fears, against whom judgment was rendered, was not a party, directly or indirectly, to the publication of the alleged libel; was unknown to Laura Riley, and she to him. The direct and uncontradicted testimony is that Fears had never been connected with the newspaper publishing the libel, either as printer, publisher, editor, proprietor, manager, circulator, correspondent or owner; that he never furnished any news or information for publication in said newspaper; that he neither saw the libelous article sued on, nor heard of its publication until after the attempt to bring suit against him thereon. Where the record does not show positively what was passed upon at a former trial parol evidence may be resorted to. Spaulding v. Conway, 51 Mo. 51; Hickerson v. Mexico, 58 Mo. 61; State v. Alsup, 91 Mo. 172; Snodgrass v. Moore, 20 Mo. App. 232; Graham v. Ringo, 67 Mo. 324. Second. The judgment herein complained of was procured by an imposition practiced on the court. The testimony of Laura Riley proves that in fact she was, at the time of bringing suit, a resident of the city of St. Louis. Third. Laveene and Preston were taken to Audrain county by the criminal process of the State, at the instance of Laura Riley, and then and there subjected to service of process in said civil suit. Criminal process of the State can not be used to take a person from one county to another, so as to subject him to process. Byler v. Jones, 79 Mo. 261; Christianson v. Williams, 111 Mo. 429. Fears can not be prejudiced by acts of either of these two defendants in appearing and answering. A principle devoid of reason would be established, if a defendant to a suit, by his act, could waive constitutional or statute rights of his codefendants. (2) Fears, if liable with the defendants, Lee, Laveene and Preston, should have been summoned in Audrain county, where he had a right under the then exist-

ing law (R. S. 1889, section 2262, before the amendment of 1895), to have the case as to him tried regardless of any action of his codefendants. Holland v. Johnson, 80 Mo. 34; Young v. Young, 88 Pa. St. 422; R. S. 1889, sec. 2009. (3) Before the defendants, Laveene and Preston, were entitled to their change of venue it was necessary that all pleadings should have been filed and the issues made up. R. S. 1889, sec. 2264; Henderson v. Henderson, 55 Mo. 534; State v. Daniels, 66 Mo. 192. (4) The judgment herein complained of against said Fears is void, in that it was improvidently and prematurely rendered. At the time of its rendition, there had been filed in said cause, and of record therein, and undetermined, a motion requiring the plaintiff to give security for costs of said action. Steamboat, etc., v. Jenkins, 9 Mo. 643; R. S. 1889, sec. 2031. (5) These unusually frequent continuances, without any notice to the said Fears, reasonably give color to a charge of a fraudulent concurrence against him. A judgment rendered against a party who had no notice is utterly void. Smith v. Ross, 7 Mo. 463; Roach v. Burnes, 33 Mo. 319; Cloud v. Inhabitants, 86 Mo. 357; Hope v. Blair, 105 Mo. 85; Newton v. Newton, 32 Mo. App. 162; Bobb v. Graham, 4 Mo. 222. (6) If a summons is made returnable in less time than fixed by law, a judgment by default therein is void. Bobb v. Graham, 4 Mo. 222; Sanders v. Rains, 10 Mo. 770; Williams v. Bower, 26 Mo. 601; Howard v. Clark, 43 Mo. 344. (7) Every officer to whom any writ shall be delivered to be executed shall make return thereof in writing. R. S. 1889, sec. 2020. The return is essential to process. Stewart v. Stringer, 41 Mo. 400; Jeffries v. Wright, 51 Mo. 213; Magrew v. Foster, 54 Mo. 258; Phillips v. Evans, 64 Mo. 17; Brown v. Langlois, 70 Mo. 226; Decker v. Armstrong, 87 Mo. 316; State ex rel. v. Finn, 100 Mo. 429; Laney v. Garbee, 105 Mo. 355; Williams v. Monroe, 125 Mo. 574. (8) Where a second summons is called for, it takes the

place of the original process.   Huff v. Shepard, 58 Mo. 242.
The subsequent action of the plaintiff in said suit, at a sub-
sequent term of court, wherein she ignored the orders of the
court for an alias summons, and sought to give vitality to
the corpse of the discarded summons, was unauthorized and
void.   If she had a legal right so to do, it would have been
necessary first to give the defendant notice of that intention
before a default could be entered and this she did not do.
Brown v. King, 39 Mo. 380; Currin v. Ross, 2 Mo. 203.

A. H. WALLER, F. P. WILEY and GEO. S. GROVER for
respondents.

(1)   The return of the sheriff of St. Louis shows per-
sonal service of a copy of the writ and amended petition in
said damage suit on Fears.   This return is in strict con-
formity with the requirements of the statute.   Hence it
follows that the court had jurisdiction, both of the subject
matter and of the person of Fears in said libel suit, and the
judgment by default, rendered therein, can not be attacked
collaterally, as is here attempted by an injunction to stay
execution.   1 Black on Judgments, secs. 83 and 87; Leonard
v. Sparks, 117 Mo. 107; Thompson v. Railroad, 110 Mo. 151;
Howland v. Railroad, 134 Mo. 479.   (2)   The change of
venue taken by defendants was regular in every respect and
conferred upon the circuit court of Randolph county com-
plete jurisdiction of the cause. · The amendment to plain-
tiff's petition, making Fears a party defendant, made in said
Randolph court, was legally and properly made and allowed.
Hughes v. McDivitt, 102 Mo. 83; Butler v. Lawson, 72 Mo.
246; R. S. 1889, secs. 2098, 2099, 2266, 2271 and 1995.
(3) Where the petition states a cause of action, and due and
proper service of notice upon a defendant appears upon the
record, a judgment by default may be legally rendered, and
such judgment, so long as it stands unreversed, can not be im-
peached in any collateral proceeding, on account of errors,

or irregularities. Black on Judgments, secs. 261, 263 and 245; R. S. 1889, secs. 5497 and 1313. And a proceeding by injunction to restrain the execution of a judgment is a collateral attack on such judgment. 1 Black on Judgments, sec. 253. (4) The jurisdiction of equity to stay proceedings at law after judgment is not a favorite one. The general principle underlying the jurisdiction is that it must be against conscience to execute the judgment, and it must clearly appear that the person aggrieved could not avail himself at law, of the equities relied upon to enjoin the judgment, or if he was in a position to avail himself of such equities in defense of the action at law, that he was prevented from so doing by accident, mistake or surprise, or by fraud of the adverse party unmixed with laches or negligence of his own. 1 High on Injunction (2 Ed.), secs. 114 and 87; Davis v. Staples, 45 Mo. 570; George v. Tutt, 36 Mo. 141; Murphy v. DeFrance, 101 Mo. 151. The fraud, however, for which a judgment will be enjoined must be in the procurement of the judgment. Payne v. O'Shea, 84 Mo. 133; Murphy v. DeFrance, 101 Mo. 151. (5) After having been legally served by the sheriff with process, and having notice thus given, that this libel suit was pending against him, Fears stands convicted by his own evidence, and by the evidence of his attorney, of inattention and negligence, in not attempting to make the defense he now insists on. He was deceived and misled by no one, unless by his own attorney, and exercised no diligence whatever. 1 High on Injunction (2 Ed.), secs. 112 and 113. And the negligence, mistake, or incompetency of the attorney is deemed to be that of the client. Ketchum v. Harlowe, 84 Mo. 225; Biebinger v. Taylor, 64 Mo. 63. (6) Appellant's counsel contends strenuously that Fears was not a party directly, or indirectly, to the publication of the alleged libel, and had no interest whatever in the paper that published it. This is a defense involving an issue of fact that should have been pleaded

and tried in the libel suit. What the outcome may have been upon issue joined and evidence heard on both sides, is a matter of conjecture now. High on Injunction (2 Ed.), secs. 167, 170, 171 and 173. (7) The residence of Fears was also a matter of inquiry and defense at the time of said trial. Besides the law conclusively presumes that the evidence heard by the court at said trial tended to prove, and did prove, every fact necessary to warrant the court in so finding and rendering said judgment, and said judgment and the recitals thereof can not be assailed in this proceeding by collateral attack, based on oral testimony. (8) The undisputed evidence shows that Laura Riley resided with her father and mother in Mexico, Missouri, prior to, at the time, and since institution of said libel suit, and that she never resided anywhere else. (9) No objection was taken by either Preston or Laveene, or Fears in the trial court, either by demurrer or answer, that the trial court had no jurisdiction of the person of any of the defendants, served with process, and such objection is, therefore, deemed waived. R. S. 1889, secs. 2047 and 541; January v. Rice, 33 Mo. 409; Moore v. Railroad, 51 Mo. App. 507; Davis v. Railroad, 126 Mo. 75; Real Estate Co. v. Lindell, 133 Mo. 389. (10) The judgment was not prematurely rendered, in that a bond for costs was pending, and not disposed of. No such point was raised in the trial court in this proceeding, nor exception saved, either in appellant's motion for new trial or in arrest, and he will not be heard in the appellate court. R. S. 1889, sec. 2302; Haniford v. Kansas City, 103 Mo. 172. (11) The case of Huff v. Shepard, 58 Mo. 242, does not sustain appellant's contention, that where a second summons is called for, it takes the place of the original process.

MARSHALL, J.—Injunction to annul a judgment and to restrain its enforcement.

On the 16th of December, 1890, Laura Riley, a resident of Audrain county, filed a suit in the circuit court of Audrain county, against Tobe Lee, a minor, H. L. Preston and I. H. Laveene, claiming ten thousand dollars damages against defendants, for publishing in the Kansas City Sunday Sun, and circulating a libel concerning her. The defendants were served with process, appeared and pleaded. A guardian *ad litem* was appointed for Lee, the minor, and he filed a general denial. On June 10th, 1891, defendants Preston and Laveene filed an answer, which was, first, a general denial; and, second, mitigating circumstances, and on the same day filed a motion for security for costs. On June 1st, 1891, defendants Preston and Laveene filed a motion for change of venue, which was granted on June 17th, and the cause sent to Randolph county circuit court, at Moberly. At the September term, 1891, of the Randolph circuit court, the cause was continued by consent. At the February term of said Randolph circuit court, to wit, on February 1st, 1892, plaintiff filed an amended petition, bringing in John C. Fears, George Bilbro, George C. McGuigan and C. R. Nourse as codefendants. On February 23d, 1892, an alias summons with a copy of the amended petition attached was issued by the Randolph circuit court against John C. Fears, directed to the sheriff of the city of St. Louis, returnable to the September term, 1892, and the cause was continued to the September term, 1892. This summons was served on Fears, personally, in St. Louis on the 24th of February, 1892. At the opening of the September term, 1892, the sheriff had not returned the summons to Fears, and an order was entered directing the clerk to issue an alias summons for Fears, and the cause was continued to the February term, 1893. Later, during the September term, 1892, to wit, about September 26th, 1892, the sheriff of the city of St.

Louis, returned the summons against Fears, duly served, and thereupon the plaintiff directed the clerk of the Randolph circuit court not to proceed with the order for an alias summons to Fears. At the February term, 1893, the cause was continued to the September term, 1893, and at that term it was continued to the February term, 1894. At the last named term, plaintiff dismissed the cause as to Tobe Lee, George Bilbro, George C. McGuigan and R. C. Nourse, took judgment by default against H. L. Preston, I. H. Laveene and John C. Fears, and, upon inquiry, her damages were assessed at $10,000. Afterwards an execution was issued against Fears, directed to the sheriff of the city of St. Louis, who was proceeding to levy under it, when Fears instituted this action in the circuit court of Randolph county, making Laura Riley, George Robertson, her attorney, J. R. Lowell, clerk of the circuit court of Randolph county, and Patrick M. Stead, sheriff of the city of St. Louis, defendants. The petition alleges the institution of the libel suit in Audrain county, and states, "that in order to cause the circuit court of Audrain county to exercise jurisdicton in said action said Laura Riley, fraudulently and by means of false representation, imposed upon the court in this:" 1st, she alleged residence in Audrain county, when in fact she resided in St. Louis; 2d, she made Tobe Lee, a minor child, who was a resident of Audrain county, a party defendant, for the fraudulent purpose of obtaining jurisdiction in Audrain county; 3d, she imposed on the court, by fraudulently using its criminal process to arrest Preston and Laveene in Kansas City, under a warrant for criminal libel, bring them to Audrain county, and while thus there, have them served with summons in the civil suit; that after the change of venue to Randolph county the plaintiff filed an amended petition, enlarged her claim for damages to $25,000 and brought in new defendants, "well knowing that said Tobe Lee was not liable thereon, but was made a party solely for

the fraudulent purpose of deceiving the court and inducing it to continue to exercise jurisdiction, as she afterwards, to wit, on February 8th, 1894, voluntarily dismissed her said action as to Tobe Lee," and at the same time obtained judgment against the other defendants; 6th, that the judgment was unauthorized and premature, because there was a motion for security for costs pending and undisposed of, and no default could therefore legally be granted; 7th, that Fears filed no answer in the libel case because he relied on the advice of his counsel that the order for an alias summons against him superseded the summons that had been served on him in February, 1892, and that he was waiting to be served with the alias summons; 8th, that he has a good defense to the libel suit, and that the court heard no evidence on the trial thereof tending to connect him with or make him liable for the libel. The prayer of the petition is that the judgment be adjudged null and void and the defendants be enjoined from enforcing it.

The answer denied the allegations of fraud and asserted the validity of the judgment.

The circuit court heard the evidence—to which all necessary reference will hereafter be made in the course of this opinion—and entered judgment for defendants.

Plaintiff appeals.

## I.

It is the settled law in our State that in order to set aside a judgment for fraud, even in a direct proceeding, it must appear that fraud was practiced in the very act of obtaining the judgment. [Lewis v. Williams, Admr.,' 54 Mo. 200.] It is not enough that there was fraud in the cause of action on which the judgment is founded and which could have been interposed as a defense (unless its interposition was prevented as a defense by fraud). [Payne v.

O'Shea, 84 Mo. 129; Murphy v. DeFrance, 105 Mo. 53; Oxley Stave Co. v. Butler Co., 121 Mo. 614.] The judgment must be concocted in fraud, and the fraud must be actual fraud as contradistinguished from a judgment obtained on false evidence. [Moody v. Peyton, 135 Mo. 482.] These principles and these cases have lately been reviewed and approved by this court in Hamilton v. McLean, 139 Mo. 678, and in Bates v. Hamilton, 144 Mo. 1.

Apply these tests to the allegations of the petition, and we have this result: It may have been false that Laura Riley was a resident of Audrain county, but that was a fact to be tried in that case, which was open to denial and contest by the defendant, and no more divests the court of jurisdiction or renders its judgment void on the ground of fraud than any other fact falsely asserted or testified to in the case. It may have been that she joined Tobe Lee, a minor, as a party defendant so as to be able to institute the suit in the county in which she lived and one of the defendants is found, under section 2009, R. S. 1889, but this was no fraud on the court, because the court was informed that Lee was a minor, and it appointed a guardian *ad litem* for him, and he filed an answer. Moreover it is wholly a mistake to say that an infant is not liable in an action for tort, e. g. assault, false imprisonment, libel, slander, etc. [Conway v. Reed, 66 Mo. 346; Morgan v. Cox, 22 Mo. 374; Addison on Torts (6 Ed.), p. 155, par. 101; Cooley on Torts (2 Ed.), p. 120.] Tobe Lee was liable in this case because he circulated the libel. [Townshend on S. & L. (4 Ed.), pp. 101, 102.] No fraud was, therefore, perpetrated in the very act of procuring the judgment in this respect. It may be Laura Riley perpetrated a wrong on Preston and Laveene in bringing them to Audrain county, under a criminal warrant, and then having the summons served on them in the civil case, but that was not a fraud on the court, and was a defense which Preston and Laveene alone could make, and they did not

do so, but on the contrary filed an answer in the case. The filing of the amended petition in the Randolph circuit court, keeping Tobe Lee as a defendant, and at the trial, dismissing the case as to him, was as herein shown no fraud upon the court, and had no different effect upon the case than if any other resident of Audrain county had been the defendant instead of Tobe Lee. Taking judgment while a motion for security for costs was pending was not a fraud upon the court, for the court takes judicial notice of the state of a case as shown by its own records. Only a motion going to the merits dispenses with the necessity of answering. [Hill v. Meyer, 47 Mo. 585.] Aside from this Fears filed no motion for security for cost. That motion was filed by Preston and Laveene, and they also answered. The order for an alias summons for Fears, entered at the September term, 1892, but not executed because the sheriff shortly thereafter returned the original summons, personally served on Fears on the 24th of February, 1892, was no fraud upon the court, and could not possibly have misled Fears. For he knew he was properly served in February to appear at the September term, and says in his testimony in this case that he sent the summons and copy of the amended petition to Preston and asked him to attend to it, which he did by turning it over to his attorney. The fact that the attorney did not file an answer because of his erroneous opinion that Fears was not obliged to answer until the alias summons was served on him, and that Fears relied on this advice, in no manner affords any ground for equitable relief or affords the slightest basis for a claim that the judgment was procured by fraud. [Biebinger v. Taylor, 64 Mo. 63; Ketchum v. Harlowe, 84 Mo. 225.] Whether Fears had a good defense to the libel suit was a matter to be litigated in that case, and can not be afterwards inquired into. He had his opportunity to have a day in court to have that question determined. It can not be inquired into in this proceeding.

## II.

Having thus cleared away the preliminaries, the only real question presented by this record remains, that is; did the change of venue from the Audrain circuit court, applied for by Preston and Laveene, and granted by the court, carry the whole case, as to them and as to Tobe Lee, to the Randolph circuit court; and, further, in either event, had the plaintiff the right to amend her petition in the Randolph circuit court so as to bring Fears into that court and acquire jurisdiction over him.

The position of the plaintiff herein is, that as section 2009, requires suits to be brought in the county in which the plaintiff resides and the defendant may be found, etc., and as section 2264 requires that all pleadings shall be filed and issues made up before the venue is changed (except that after change of venue, any pleading found insufficient upon demurrer or otherwise may be amended as in other cases), and as the petition was not found insufficient, by the Randolph circuit court upon demurrer, therefore, the amendment making Fears a defendant was not warranted by law, and the circuit court of Randolph county acquired no jurisdiction, and its judgment against Fears is void.

This contention is not tenable.    Sections 2009 and 2264 constitute parts of the Code of Civil Procedure in this State, and are mere integral parts of a whole—different sections of different articles composing chapter 33—and must be construed in the spirit of the whole law; and all parts being, *in pari materia,* must be construed together and made to harmonize, if possible, rather than to jangle like bells out of tune.    Article VI is devoted to providing for amendments both before and after judgment to the end that all controversies between the parties may be brought before the court and their rights adjusted.    New parties may be

brought in by an amendment to the petition or by supple-
mental petition and new summons (sec. 2099), and a petition
or answer may be amended, as a matter of course, "without
costs and without prejudice to the proceeding already had,
at any time before the answer is filed." Sec. 2102. These
provisions, together with sec. 2271, which gives to the
court to which the venue is changed, jurisdiction to hear and
determine the cause, must also be taken into account as well
as sections 2009 and 2264. The law never intended that the
plaintiff should not be allowed to bring in a new defendant,
necessary to the complete (that is the language of sec. 2099)
determination of a controversy, because the defendants
already in court had changed the venue. It is easy to see
how such a construction might work a denial of justice or
a splitting up of the case, e. g., if A. sues B. & C. for
partition and they change the venue, and it is afterwards
ascertained that D. is also a party in interest, if A. can not
amend so as to bring in D. he must fail in his action
[Young v. Young, 88 Pa. St. 422], for this would not be a
case where the court could find the pleading insufficient on
demurrer, and if the words, "or otherwise," in this section,
gives the court power to authorize the amendment of the
pleading upon the trial, to prevent the plaintiff being non-
suited [Crockett v. Transfer Co., 52 Mo. 457; Merrill v.
St. Louis, 83 Mo. 244], the same power must be held to exist
in the court to allow such an amendment at any time before
the trial when the application is made and the necessity
shown. The conclusion therefore follows that the circuit
court had the power to allow the amendment, and the fact
that it did so allow it must be taken as conclusive that it
found that it was necessary to a complete determination of
the controversy, and it is not open to inquiry in this case.

This brings up the question whether when Preston and
Laveene asked and obtained a change of venue, the case went
to Randolph county as to them only, and remained in

Audrain county as to Tobe Lee, or whether it took the whole case to Randolph county, and if it was split into two parts, whether the amendment bringing in Fears was properly made in Randolph county or should have been made in Audrain county.

In Holland v. Johnson, 80 Mo. 34, it was held that where some of the defendants applied for a change of venue, and the court ordered the venue changed, "as to the parties which had made the aforenamed application therefor," and in the changed forum the plaintiff dismissed the case as to the defendants who had been granted a change of venue, and took judgment by default against the defendants who had not asked or been granted a change of venue, the judgment was void, and the sale under it passed no title, but that as it was void the plaintiff had a complete and adequate remedy at law and hence there was nothing upon which a court of equity could act.

No decision, statute or other authority is cited and no reason is given for the conclusion reached, it is simply stated. It may have been that the court was betrayed into error by the language of the order limiting the change of venue to those defendants who applied for it, for it does not rest upon any common law precedent or upon any statute of this State. Manifestly it could not have been the rule at common law, where so many obligations were joint and not several, and it can not be the true rule in Missouri for it would prevent any determination of actions in partition, in applications for the appointment of a receiver, for winding up a partnership, and, in short, wherever more than one party was a necessary defendant to the complete determination of a controversy. It is opposed to the spirit of the law, which is that all controversies relating to a subject-matter shall be litigated in the same proceeding. It is wholly without precedent in this State, and is in direct opposition to the common consent and opinion of the legal profession in this.

State relating to change of venue statutes, which is itself of persuasive force [Venable v. Railroad, 112 Mo. l. c. 125, and cases therein cited], and it was so opposed to the wishes and intentions of the people of the State, that the legislature by statutory amendment, put the law back where it had always been supposed to be, by expressly providing "that one or more of several parties plaintiff or defendant may ask for the change of venue, and if the change is awarded, the entire cause shall be removed." [Acts 1895, p. 93.] That decision therefore ought to be and is overruled.

It follows therefore that the whole case went to Randolph county, and that the amendment there was proper and legal. The judgment of the circuit court in this case was for the right party, and there being no error in the record, that judgment is affirmed.

All concur.