GEORGE BOWLING, RESPONDENT, v. ABRAHAM (BUD) LEWIS, APPEL-
LANT.—71 S. W. (2d) 503.

Kansas City Court of Appeals. May 21, 1934.

*J. A. Silvers* for appellant.

No brief for respondent.

REYNOLDS, C.—This is a suit in replevin, filed by respondent in the Circuit Court of Bates County against appellant for the recovery of possession of certain personal property therein described and for damages and transferred by change of venue to the Circuit Court of Cass County.

The petition is conventional in form, supported by affidavit of respondent filed therewith and sufficient in all respects to state a cause of action and to afford jurisdiction to the court wherein it was filed.

The answer was a general denial coupled with a further special defense alleging title to the property involved to be in appellant as purchaser and to have been acquired from respondent at the sale of the same under an execution issued by one J. A. Burton, Justice of the Peace of West Point Township, Bates County, under a judgment rendered by said justice on the twenty-seventh day of August, 1929, against respondent in a cause pending before him wherein one George McKee was plaintiff and the respondent was defendant, under which execution said property had been duly levied upon and seized as the property of respondent and duly advertised for sale and sold at public sale to appellant for a valuable consideration. It further alleged that, as such purchaser, he, at the time of the institution of this suit, was the owner of said property and entitled to the possession thereof and that respondent, at such time, was not the owner of or entitled to the possession of the same.

Respondent filed reply to appellant's answer, coupling therein a

general denial with a special plea attacking the judgment set up in the answer rendered by J. A. Burton, Justice of the Peace, in favor of one George McKee as plaintiff and against respondent as defendant as invalid; and the execution issued thereunder (under which the property involved herein was levied upon, seized, sold, and purchased by appellant) as illegally issued and without right; and the levy upon, seizure, and sale of said property thereunder as illegal and ineffective by reason of the fact that such judgment, so rendered by said justice in favor of said McKee against respondent, was rendered by said justice after an application for a change of venue in said cause had been filed and when said justice, by reason thereof, had no jurisdiction of the subject-matter of said suit or of the parties thereto other than to make an order transferring the venue of the cause to some other justice.

The trial was before the court without a jury.

Upon the trial and at the opening thereof, it appears, from the statement of respective counsel, that it was understood that the only question for consideration upon the trial related to the validity of the judgment rendered by the justice of the peace in favor of George McKee as plaintiff and against respondent herein as defendant (under which the execution was issued eventuating in a sale thereunder of the property involved herein to the appellant), set up in the answer, and attacked in the reply; and the cause was accordingly tried and disposed of upon such theory and understanding.

The following facts may be sufficiently gathered from the evidence in the record: That, in the proceedings before J. A. Burton, Justice of the Peace, which resulted in the judgment in question here in favor of George McKee as plaintiff against George Bowling, the respondent herein, as defendant, one August Bauer was an original party defendant with George Bowling and the two were sued as codefendants; that on the twenty-seventh day of August, 1929, the return day of the summons issued by the justice to the defendants, the cause came on for hearing before said justice and defendant Bauer appeared and asked for change of venue and the cause was thereupon by plaintiff dismissed as to him and proceeded with to trial against defendant George Bowling, respondent herein, and judgment was rendered against him. It is further shown by the record that said Bowling was not present at the trial. The motion of defendant Bauer for said change of venue, together with his affidavit therefor, duly sworn to by him, appears in the record. It does not, however, appear that such judgment was at the time of its rendition entered by the justice upon his docket nor at all until during the month of February, 1930.

From the judgment so rendered against him, defendant Bowling, respondent herein, on the thirty-first day of August, took an appeal to the Circuit Court of Bates County, filing his affidavit and bond

therefor, which appeal was thereafter, at its February term, 1930, dismissed by the court on account of failure of appellant to give notice thereof and by reason of the want of a sufficient bond.

Execution was, on March 5, 1930, upon the dismissal of such appeal, issued by the justice upon the judgment rendered by him against Bowling; and the property involved in this controversy was thereunder seized and levied upon by the constable and sold at public auction on due adevrtisement on August 25, 1930, to the appellant as the highest bidder therefor.

Such execution was regularly renewed so as to be kept alive from the date of its original issuance up to and including the date of sale. Respondent caused notice to be given at such sale to the effect that he would contest the same as illegal and void and, within three days thereafter, brought this suit. From the time of the levy upon and seizure of the property to the time of the sale, it was stored by the constable in a shed upon the property of one Jesse Gregory. At the time of the sale, it was pulled out of the shed and sold and, so far as the record discloses, left by the constable at such place for the purchaser.

Upon the trial before the court without a jury on the fourteenth day of July, 1931, during the regular May term of the court, the cause herein was submitted to the court for judgment; and thereafter, on the twenty-fifth day of March, 1932, during the regular January term of the court, judgment was ordered in favor of the respondent.

After an unsuccessful motion for a new trial, appellant made this appeal.

## OPINION.

1—The appellant's first point upon this appeal is, in effect, that the judgment of McKee against Bowling, the respondent herein and defendant therein, rendered by J. A. Burton, Justice of the Peace, and set up by appellant in his answer herein, was valid and sufficient and that the filing in said cause before said justice by the defendant Bauer of an affidavit for a change of venue solely in his own behalf did not deprive the justice of jurisdiction to render the judgment he did against Bauer's codefendant, the respondent herein.

With this contention, we cannot agree. In the case of Fears v. Riley, 148 Mo. 49, l. c. 62-63, 49 S. W. 836, the Supreme Court held that even prior to the amendment of the statute relating to changes of venue in the circuit court so as to make such statute provide that one or more of several parties plaintiff or defendant might ask for the change of venue in said statute provided and, if awarded, the entire cause should be removed and no further change of venue could be awarded on the same side of the suit a change of venue removing the entire cause might be awarded upon the affidavit there-

for of one or more of plaintiffs or defendants where filed in any cause where there were more plaintiffs or defendants than one.

The case of Fears v. Riley, supra, originated in the Circuit Court of Audrain County with Laura Riley as plaintiff against Tobe Lee, H. L. Preston, and I. H. Laveene as defendants. The defendants H. L. Preston and I. H. Laveene, without Tobe Lee joining therein, filed an application for a change of venue which was granted; and the cause was transferred to the Circuit Court of Randolph County. The plaintiff filed an amended petition in the Randolph Circuit Court bringing in additional defendants. Afterwards, plaintiff dismissed as to defendant Tobe Lee and certain of the other defendants whom she had brought in under her amended petition and took judgment against defendants H. L. Preston, I. H. Laveene, and John C. Fears. The question arose in such case whether the change of venue so made upon the application of Preston and Laveene operated to change the venue of said cause to the Circuit Court of Randolph County as to them only or whether it operated to transfer the whole cause to the latter circuit and brought up the further question whether the amendment that allowed bringing in the defendant Fears and others as additional defendants was properly made in the Randolph Circuit or should have been made in the Audrain Circuit.

The court held that the entire cause had been transferred to the Randolph Circuit upon the application of the two defendants, regardless of the fact that the defendant Tobe Lee had not joined therein, and held that no jurisdiction remained in the Circuit Court of Audrain County in said cause and that the amendment bringing the additional defendants was properly made in the Randolph Circuit. It overruled the case of Holland v. Johnson, reported in 80 Mo. 34, wherein a change of venue had been awarded from the Circuit Court of Hickory County to the Circuit Court of Pettis County upon the application of several defendants but not of all' to the parties making the application therefor, which finally resulted in a judgment in the Pettis Circuit Court against certain of the defendants who were not among those securing such change of venue or who had not joined in the application therefor and wherein the Supreme Court held that the Circuit Court of Pettis County had acquired jurisdiction of said cause upon said change of venue only as to the defendants who had applied therefor and that the jurisdiction of the cause as to all other defendants had remained in the Circuit Court of Hickory County and that the judgment of the Circuit Court of Pettis County against all such parties as had not joined in the application for the change of venue was a nullity.

It was further said in the case of Fears v. Riley, supra, of the decision in Holland v. Johnson, supra, as follows:

"No decision, statute or other authority is cited and no reason is given for the conclusion reached, it is simply stated. It may have

been that the court was betrayed into error by the language of the order limiting the change of venue to those defendants who applied for it, for it does not rest upon any common law precedent or upon any statute of this State. Manifestly it could not have been the rule at common law, where so many obligations were joint and not several, and it cannot be the rule in Missouri for it would prevent any determination of actions in partition, in applications for the appointment of a receiver, for winding up a partnership, and, in short, wherever more than one party was a necessary defendant to the complete determination of a controversy. It is opposed to the spirit of the law, which is that all controversies relating to a subject-matter shall be litigated in the same proceeding. It is wholly without precedent in this State, and is in direct opposition to the common consent and opinion of the legal profession in this State relating to change of venue statutes, which is itself of persuasive force (Venable v. Railroad, 112 Mo. l. c. 125, and cases therein cited), and it was so opposed to the wishes and intentions of the people of the State, that the Legislature by statutory amendment, put the law back where it had always been supposed to be, by expressly providing 'that one or more of several parties plaintiff or defendant may ask for the change of venue, and if the change is awarded, the entire cause shall be removed.' [Acts 1895, p. 93.] That decision therefore ought to be and is overruled.''

2—By analogy, the rules laid down in the case of Fears v. Riley, supra, with reference to changes of venue under Section 911, applying to practice in circuit courts, apply to Section 2254, Revised Statutes 1929, with reference to changes of venue in justice courts and, so applied, must result in holding that the filing of the application for change of venue in the instant case before the justice of the peace, Burton, by the defendant, Bauer, operated to deprive the justice of any further jurisdiction in the cause other than to make an order transferring the whole cause, both as to said defendant and his codefendant Bowling, respondent herein; and the order thereinafter made by said justice in said cause dismissing as to the said defendant Bauer and the final judgment entered against defendant Bowling, respondent herein, must be held to be nullities.

. The fact that, in the justice court section, the proviso is not found that, in instances where a change of venue is granted upon the application of one or more of several parties, not including all, the entire cause is to be transferred is unimportant. Such proviso was incorporated in Section 911 relating to changes of venue in circuit courts by amendment in 1895. The opinion in Fears v. Riley, supra, was announced upon facts existing prior to such amendment. The construction of said section as made by the court did not depend upon such provision. The amendment operated mostly to declare the law as it existed at the time and prior to its enactment. Giving the same

construction to Section 2254 relating to changes of venue in justice courts does not depend upon or require the presence in said section of some declaration that such effect shall follow upon an application for change of venue made by one or more of the parties but not by all.

Respectable authorities from other states are cited in the briefs to the effect that an application for a change of venue must be joined in by all the parties upon one side of the cause in order to justify a change of venue. They may or may not rest upon peculiar expressions in the statutes of the various states from which they are cited; but, regardless of what the facts may be in such regard, such decisions are not persuasive to overthrow the construction given by our own court to our own statutes, whether they be the same or similar to the statutes of such other states or not. They seem to give to the term party, when used in change of venue statutes, a technical and collective sense—that is, when used, the term must be held to refer to all of those upon the same side of a cause acting collectively or standing together as one and not to individuals acting alone. Such construction does not necessarily obtain in Missouri under the doctrine of our courts. However, such authorities in the end seem, with our own, to rest upon the fundamental proposition that the subject-matter of a cause of action, where joint, may not be subjected to the jurisdiction of different courts at the same time and the cause be made to pend in more than one but that said cause and its subject-matter shall at all times be in one and the same jurisdiction.

This result is accomplished by refusing to one or more parties, or less than all, the right to take a change of venue as well as by granting the right to one or more to take the change for all parties not joining therein, thus transferring the whole case.

None of the authorities cited, whether from this State or outside, furnish any justification for what was done or attempted to be done in the instant case before the justice. When Bauer filed his affidavit for a change of venue before said justice, it operated as an application for a change of venue by all the parties defendant thereto.

3—Appellant also contends that, although it be held that the justice of the peace lost jurisdiction of the cause upon the filing of the affidavit by defendant Bauer so that the judgment rendered against defendant George Bowling was a nullity, nevertheless the defendant Bowling, by appealing from said judgment entered his appearance thereto and rendered said judgment valid, perforce the provisions of Section 2341, Revised Statutes 1929.

However, that section contemplates causes of action in which the court had jurisdiction of the subject-matter but had failed to obtain jurisdiction of the party against whom judgment therein was rendered. It is hardly conceivable that, in instances where there was lacking jurisdiction in the court of both the subject-matter and the parties to render a judgment thereon, one, by appealing from

such judgment therein or by otherwise entering an appearance, could recognize a jurisdiction that did not exist or confer a jurisdiction which could not exist because the right to its exercise had been terminated by express law. Such contention must be denied.

4—Appellant further, by point 4 in his brief, seeks to make the point that, at the time of the institution of the suit, respondent was not er titled to the possession of the property in suit for the reason that h , at such time, had no title to the same and further, by point 5 in his brief, that respondent was not entitled to recover for the reason that he failed to show by the evidence that such property was, at the time of the institution of the suit, in possession of the appellant or some person acting for him.

However, such points do not here appear available to him in view of the agreement made at the beginning of the trial to the effect that the only issue to be tried was whether the judgment rendered against respondent before the justice of the peace was valid or whether it was a nullity by reason of the lack of jurisdiction in the justice to render it—an agreement, in effect, that, if such judgment was found to be valid, then all other matters deemed necessary to support a judgment for appellant should be considered as established and said judgment ordered or, if found to be a nullity, then there was nothing in the record to prevent a judgment for respondent but everything necessary to such judgment was to be found therein and the same should be ordered. Appellant must try his case upon the same theory as the case was tried in the lower court. It is unnecessary to cite authorities upon a proposition so fundamental. Points 4 and 5 are therefore ruled against appellant.

5—There is nothing in the further proposition advanced by appellant that respondent was estopped by his act and course of conduct to deny the validity of the judgment of the justice and the sale of the property thereunder. Even if such point be not covered by what has been said above with reference to points 4 and 5, still respondent is not shown to have done anything, under any of the facts in the record, by which he should or might be estopped to question the validity of such judgment or the execution and sale thereunder. We find no merit in any of the complaints advanced or errors assigned presented by appellant and no error prejudicial to appellant in the record. The case appears well considered by the learned chancellor who heard the same below, and the judgment was for the right party. It should be and is affirmed. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of REYNOLDS, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.