THE KANSAS CITY, NEVADA & FORT SMITH RAILROAD COMPANY, Appellant, v. C. M. ERWIN *et al.*, Respondents.

Kansas City Court of Appeals, June 13, 1892.

Condemnation Proceedings: PRACTICE: NUMBER OF CASES: COSTS: CLERK'S FEES. A proceeding by a railway company to condemn a right of way is only one case, although there may be several defendants who are owners of separate tracts of land over which it is sought to condemn its right of way; nor does the fact that the several defendants file, separate exceptions convert such proceedings into different cases, nor authorize the making up of separate transcripts on change of venue; and the clerk is not entitled to fees for such separate transcripts.

The Kansas City, N. & Ft. S. Ry. Co. v. Erwin.

*Appeal from the Cass Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

REVERSED AND REMANDED *(with directions).*

*Trimble & Braley,* for appellant.

(1) The duty of the clerk, when the order for change of venue was made, was to "make out a full transcript of the records and proceeding in the case." R. S. 1889, sec. 2265. And his compensation is provided for in these words: "For copies of records and papers, for every hundred words, ten cents. For certificate and seal, fifty cents." R. S. 1889, sec. 4986. (2) Statutes providing for fees and relating to costs must be strictly construed. *In re Murphy,* 22 Mo. App. 476; *Shed v. Railroad,* 67 Mo. 687. (3) The excepting defendants had never asked for separate trials, and no order for separate trials was ever made. The court, in its discretion, might have awarded them separate trials if it had been asked, but until such request had been made and granted, the case certainly was a unit. R. S. 1889, sec. 2134. (4) The fact that the excepting defendants might have been entitled to separate trials does not make eleven cases out of one. There might have been eleven trials in the one case. The fact that different issues are to be tried between different parties does not divide the one case into several for the purpose of taxing costs. *Bank v. Glaser Bros.,* 40 Mo. App. 371.

*W. L. Jarrott* and *Jas. T. Barney,* for respondents.

It was the duty of the clerk to make "a full transcript of the record and proceedings in the cause including the petition and affidavit and order of removal," etc. R. S. 1889, sec. 2265.

SMITH, P. J.—The appellant is a railroad corporation, and, at the time of the institution of this suit, was attempting to acquire its right of way for its railroad through Cass county. It succeeded in acquiring by agreement and purchase all the land it needed in that county, except twenty-six separate tracts owned by distinct owners. Several of these tracts were each owned by a number of persons as tenants in common, others were mortgaged, and others leased to, and occupied by, tenants, so that in order to condemn the said twenty-six tracts it was necessary to make some seventy-seven persons defendants.

The appellant brought this suit to condemn all of said tracts in one action. The judge of the Cass county circuit court in due time appointed one set of commissioners to assess the damages done to all of the tracts separately. The commissioners, in due time, made their report. Within the prescribed time the owners of eleven of the said tracts of land each filed exceptions to the report of the commissioners, on the ground that they had not been allowed enough, and asked a trial by jury as to the amount of their damages. It seems that the circuit clerk and the attorney who filed the exceptions for said defendants, had some talk about how the exceptions should be docketed, the result of which was that the clerk docketed each exception as a separate case. No severance was asked by any of the defendants, and no order looking to separate trials was made by the court. The original action was numbered on his docket as 10,600, and was styled "Kansas City, Nevada & Fort Smith Railroad Company v. C. M. Ervin et al." The clerk docketed the said exceptions separately as follows:

10,600a, Kansas City, Nevada & Fort Smith Railroad Company v. Milligan; 10,600b, Kansas City,

Nevada & Fort Smith Railroad Company *v.* Cassell, and so on through the eleven exceptions.

The appellant afterward applied for a change of venue of the cause as to the excepting defendants, and the venue was changed to Johnson county. The clerk conceived the idea that he must make out eleven transcripts, instead of one, and in pursuance of his conception, and of his own motion, did copy eleven times the petition, containing thirty pages, the order of court fixing a time and place for appointment of commissioners, the order appointing commissioners, the report of the commissioners, consisting of thirty pages, and the summonses that had been issued to the various defendants in different parts of the state, and the officers' returns thereon; in short, made eleven transcripts to effect a change of venue of one case against eleven excepting defendants.

For each of these eleven transcripts the clerk taxed as costs against appellant $29.25, aggregating $321.75. The appellant filed a motion to retax the costs, and offered to pay the clerk his fees for whatever work he ought to have done. The motion was overruled, and from the judgment the plaintiff has appealed.

The question thus presented by the appeal is whether the single proceeding brought by plaintiff against all the defendants mentioned in the petition was converted into eleven distinct proceedings because eleven of the defendants filed as many separate exceptions to the report of the commissioners. If this question is answered in the affirmative, the ruling of the trial court was right; if in the negative, it was wrong.

The statute, section 2737, provides that any number of owners, resident of the same county or circuit, may be joined in one petition and the damages to each shall be separately assessed by the same

commissioners. The report of the commissioners may be reviewed by the court in which the proceedings are had, on the written exceptions of either party. It may order a new appraisement to be made by a jury, as in ordinary cases of inquiry of damages. Sec. 2729. The proceeding thus begun was but one case, a trunk case, upon which as many branches grew as there were separate exceptions. It thus stood when the change of venue was ordered. To give effect to the order of the court in such cases, the statute directs that the clerk make out a transcript of the record and proceedings in the case. Sec. 2263. What are the records and proceedings in this case? Manifestly, the petition and the summons and the returns thereon as to the eleven exceptors, the order of the court fixing the time and place for appointing commissioners, the order appointing commissioners, the report of the commissioners, the written exceptions filed by each of the eleven parties, the order of the court in respect thereto, and the order for the change of venue. This would fulfill the statutory requirement. The compensation for the performance of this service is fixed by statute. Sec. 4986.

The judgment will be reversed, and the cause remanded with directions to retax the said cost in conformity to the rule we have in this opinion indicated. All concur.