CITY OF ST. LOUIS v. MAGDALENA KOCH et al.; BRINKMEYER, Appellant.

### Division Two, October 27, 1902.

1. **Condemnations:** STRICT STATUTORY REQUIREMENTS. Proceedings for the condemnation of private property for public use, such as the assessment of benefits on private property in a district through which a public road is to be passed, is a proceeding *in rem*, and being purely statutory every material requirement of the statute authorizing such proceeding must be strictly complied with. And unless it affirmatively appear upon the face of the proceedings that every essential prerequisite of the statute conferring the authority has been complied with, such proceedings will be void.

2. ———: ———: ESTABLISHMENT OF ROADS: BENEFIT ASSESSMENTS: NOTICE: BOUNDARIES OF DISTRICT. The ordinance governing the establishment of a road by the city required the city counselor to "give five days' notice in the papers doing the city printing of the establishment of said district and the boundaries thereof," etc., and the notice so given stated that "the taxing district for said opening includes the property in City Blocks 1243, 1247, 1249, 1746, 2055 and 2057." *Held,* that this notice sufficiently gave the boundaries of the benefit or taxing district, the blocks in question being known as fixed objects or monuments, as much so as a street in the city.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood*, Judge.

. AFFIRMED.

*Lambert E. Walther* for appellant.

(1) Proceedings in the assessment of taxes for local improvements are subject to a strict construction and every requirement of the law must be complied with. State ex rel. v. St. Louis, 67 Mo. 113; Whitely v. Platte Co., 73 Mo. 30; Leslie v. St. Louis, 47 Mo. 474; Lind v. Clemens, 44 Mo. 540; Dow v. Chandler, 85 Mo. 245; St. Louis v. Ranken, 96 Mo. 497; Williams v. Monroe, 125 Mo. 587; Leonard v. Sparks, 63 Mo. App. 594; Sedalia v. Gallie, 49 Mo. App. 392; Cooley on Taxation, pp. 609, 365, 287. (2) It is no excuse for the omission of a requirement of the enactment conferring authority, that it does not appear to be essential. Everything is essential which the law has said should be done before this high prerogative right can be carried out and enforced. Leslie v. St. Louis, supra; Washington v. Pratt, 8 Wheat. 687; Leavitt v. Eastman, 77 Me. 117; Jenks v. Wright, 61 Pa. St. 413; Spear v. Ditty, 9 Vt. 282. (3) Every notice which the statute provides for the purpose of giving the parties an opportunity to be heard, must be given with scrupulous observance of all its requisites. Cooley on Taxation, pp. 287-365; cases cited under point 1. (4) A "boundary" is an external or limiting line of any object or space. Bouvier's Law Dictionary; Webster's Unabridged Dictionary; Standard Dictionary.

*Chas. W. Bates* for respondent.

The boundaries of the taxing district were sufficiently defined in the notice as published. Tiedeman on Real Property (Enl. Ed.), sec. 832; Tetherow v. Anderson, 63 Mo. 96;

Fenwick v. Gill, 38 Mo. 526; Charles v. Patch, 87 Mo. 467; Marvin v. Elliott, 99 Mo. 621; Brown v. Walker, 11 Mo. App. 234; s. c., 85 Mo. 262; Adkins v. Quest, 79 Mo. App. 36.

BURGESS, J.—This is a suit brought by the city of St. Louis against the defendants, upon two special taxbills for benefits assessed against property formerly owned by defendant Magdalena Koch, and now owned by defendant Brinkmeyer, the appellant herein, resulting from the opening of Natural Bridge road, a public highway of the city of St. Louis, from Farrar street to Twenty-first street.

The petition is in the usual form and sets forth the ordinance authorizing the improvement proceeding; the institution of the proceeding by the city counselor; the bringing in of the owners of the property proposed to be taken; the appointment of commissioners by the circuit court; the laying out of a benefit district by the commissioners, and the publication, by the city counselor, for five days, of a notice thereof and of the boundaries thereof, which notice was published in the newspapers then doing the city printing. The petition thereupon alleges that the commissioners proceeded to ascertain the actual value of the land and premises proposed to be taken; the actual damages done to property thereby; and that for the payment of such values and damages they did proceed to assess against the city the amount of benefit to the public generally, and against the owner or owners of all property within the district aforesaid especially benefited by the proposed improvement the balance of said values and damages. The petition recites the assessment of such benefits against the property in question, and contains all other necessary allegations tending to show a compliance with the charter and the ordinances of the city of St. Louis.

To this petition defendants demurred on three grounds:

1.    That the petition does not state facts sufficient to constitute a cause of action.

2.    That it appears upon the face of the petition that the notice required by the city ordinances to be given by the city counselor "does not give the boundaries of the taxing district as required by law," and,

3.    That it appears on the face of the petition that the entire damages were assessed against the property-owners; no part thereof being assessed against the city of St. Louis for benefits to the public generally.

The demurrer was overruled; defendants declined to plead further and final judgment was rendered in favor of plaintiff. From this judgment defendant Brinkmeyer appealed.

The only point made in this court by appellant is that the notice published by the city counselor, of the time and place when the commissioners would meet for the purpose of assessing benefits, was insufficient as a compliance with the ordinance, in that it did not, as is contended, give the boundaries of the benefit or taxing district.

The ordinance requires that "the city counselor shall give five days' notice in the papers doing the city printing of the establishment of said district and the boundaries thereof, and of the time and place when and where the commissioners will proceed," etc. So much of the notice as is objected to is as follows:

"The taxing district for said opening includes the property in City Blocks 1248, 1247, 1249, 1746, 2056 and 2057. W. C. Marshall, City Counselor."

The only question for determination by us is with respect to the sufficiency of the notice given by the city counselor. Under the ordinances of the city of St. Louis relating to proceedings for the purpose of opening streets, the city counselor is required, before the commissioners meet to ascertain and assess the benefits against private property especi-

ally affected by the proposed opening, to publish for five days a notice of the time and place when and where the commissioners will meet and proceed, and of the establishment of the taxing or benefit districts as laid out by them, and the boundaries thereof.

It is, however, said that the notice given by the city counselor and required by ordinance merely gave notice of the taxing district, but did not give its boundaries.

The district was described by city block numbers. It has been held by this court, in a long line of decisions, that proceedings for the condemnation of private property for public use being *in rem* and purely statutory, every material requirement of the statute authorizing such proceeding must be strictly complied with. And unless it affirmatively appear upon the face of the proceedings that every essential prerequisite of the statute conferring the authority has been complied with, such proceedings will be void. [Jefferson County v. Cowan, 54 Mo. 234; Whitely v. Platte Co., 73 Mo. 30; Zimmerman v. Snowden, 88 Mo. 218; Anderson v. Pemberton, 89 Mo. 61; Colville v. Judy, 73 Mo. 651; Railroad v. Young, 96 Mo. 39; Railroad v. Lewright, 113 Mo. 660.]

The question, then, is, does the description, "the taxing district for said opening includes the property in City Blocks 1248, 1247, 1249, 1746, 2056 and 2057," bring it within the rule announced? We are of the opinion that it does, and for the following reason: The lots in question are known as fixed objects or monuments, as much so as a street in a city, and it was held in the case of Faris v. Phelan, 39 Cal. 612, that the position of H. Street, in Sacramento City, is well defined and might be regarded as a definite and certain call. It is a matter of common knowledge that in all conveyances of real property in cities, towns and villages in this State, the property as a general rule is conveyed by lots or parts of lots in certain blocks. So with lands in this State; they as a rule are described by sections or certain subdivisions

thereof of the township or range in which located. We are unable to conceive how the taxing district could have been described more accurately. It certainly meets every requirement of the law, however strict that may be.

The judgment is affirmed. All of this Division concur.