STATE OF MISSOURI ex rel. STATE HIGHWAY COMMISSION OF MISSOURI, Relator, v. HONORABLE CLAUDE E. CURTIS, Judge of the 19th Judicial Circuit of Missouri, of the Circuit Court of Laclede County, Missouri, Respondent, No. 44817—283 S. W. (2d) 458.

Court en Banc, November 14, 1955.

448

*Robert L. Hyder* and *Minor C. Livesay* for relator.

*H. O. Eldredge* and *Claude T. Wood* for respondent.

450

.. [460] DALTON, J.—This is an original action in prohibition. Relator seeks to prohibit respondent, Judge of the 19th Judicial Circuit, from entering an order in the circuit court of Laclede County remanding to the circuit court of Pulaski County five separate exceptions which had been filed to the award of Commissioners in a condemnation case instituted in the circuit court of Pulaski County. These exceptions, involving the amount of damages to be paid to the respective exceptors for the taking of their respective separate tracts of real estate in the condemnation proceeding, were transferred from the circuit court of Pulaski County to the circuit court of Laclede County on change of venue from Pulaski County, after certain other exceptions that had been filed in the same condemnation case had been transferred on change of venue from Pulaski County to other counties.

The alleged grounds upon which respondent proposes to act in remanding the exceptions are that the circuit court of Pulaski County had no jurisdiction to transfer the said exceptions to the circuit court of Laclede County for trial; that the circuit court of Laclede County acquired no jurisdiction of said exceptions, because other exceptions filed in the same condemnation case had been transferred to other

counties; that the original condemnation action was still a single case; and that the circuit court of Pulaski County had no jurisdiction to transfer a part of the case to Maries County, a part to Phelps County and a part to Laclede County.

We are first confronted by respondent's contention that, in his answer and return to our preliminary rule in prohibition, he denied certain allegations contained in the petition for the writ; that his answer and return contained certain allegations as to which the relator made no reply; that certain specific issues of fact are undetermined; that there has been no request for the appointment of a commissioner to take testimony and make findings of fact; and that no stipulation has been filed disposing of these disputed fact issues. While we fully agree that certain detailed facts are undetermined, we think it is clear from respondent's answer and his return, as well as from the admissions contained in his brief in this court, that the essential facts upon which this cause turns are not in dispute, but are definitely admitted. In stating the facts we shall frequently refer to respondent's pleadings and brief and to the admissions therein.

It is admitted that on May 14, 1948, relator filed a condemnation suit in the circuit court of Pulaski County, which suit was styled, State of Missouri ex rel. State Highway Commission of Missouri, plaintiff, vs. Allen T. Burcham, et al., defendants, file No. 2559. The purpose of the action was to acquire eight different separately described parcels of real estate owned by eight different groups of individuals. Respondent in his answer and return points out that this is the condemnation case which was considered by this court in State ex rel. State Highway Commission v. Curtis, 359 Mo. 402, 222 S.W. (2d) 64, a mandamus action, wherein respondent was required to accept jurisdiction of all issues tendered in relator's condemnation petition then pending before him. Pulaski County was then a part of respondent's judicial circuit. Section 478.137 RSMo 1949.

Thereafter, commissioners were duly appointed in said cause to ascertain and report the just compensation, if any, to which the several groups of defendants were respectively entitled. The commissioners viewed the several tracts and filed one Report of Commissioners, apparently, in full conformity with the provisions of Section 523.040 and 523.050 RSMo 1949, showing certain sums as the just compensation to which the eight separate groups of defendants were respectively entitled for their respective tracts of real estate. The several defendants were served with a copy of the commissioners' report and duly notified of [461] the filing and date thereof and, within ten days from the receipt of such notice, all of the defendants filed written exceptions to the award of the commissioners. The relator filed exceptions to the award made as to seven of the tracts.

Relator, as plaintiff in the condemnation suit, after the several exceptions to the commissioners' report had been filed, filed certain

applications for change of venue from the circuit court of Pulaski County on the ground that the inhabitants of Pulaski County were prejudiced against plaintiff (applicant) and, also, for the reason that the defendants, the opposite parties therein, had an undue influence over the inhabitants of Pulaski County. The petitions for change of venue were sustained and certain orders, as hereinafter stated, were made.

It is admitted that, after all of the exceptions to the award of the commissioners had been filed with the clerk of the circuit court of said county, the said clerk, without any order of the court having been made directing him so to do, and without any of the parties having so requested, made out seven separate docket sheets covering the exceptions filed, and numbered those docket sheets, respectively, 2559A-2559G, inclusive. (Apparently, one of the exceptions had been disposed of.)

Respondent, in his answer and return states: "Number 2559A was apparently intended to include the issue of just compensation as to the land owned by Allen T. Burchan; 2559B, the land of Wilbur B. Johnson and Etta Johnson; 2559C the land owned by William C. Anderson and wife; 2559D the land owned by Orville and Josie Laughlin; 2559E the land owned by Roy Laughlin and Jeretta Laughlin, 2559F the land owned by Orville Laughlin and Josie Laughlin and James Laughlin and Gladys Laughlin; and 2559G the land owned by Charles H. Elliott and Helen Elliott." In his brief in this court, respondent says that, "on April 6, 1953, on the docket sheet bearing No. 2559A, the court entered an order granting a change of venue to Maries County, Missouri, upon application of the plaintiff, the State Highway Commission. On April 23, 1953, or 17 days later, the circuit court of Pulaski County, Missouri, entered an order on each of the docket sheets numbered from 2559B to 2559F, inclusive, purporting to grant a change of venue to the circuit court of Laclede County, Missouri. In other words, on April 6, 1953, the circuit court of Pulaski County, Missouri, attempted to send *the Burcham exceptions* to the circuit court of Maries County. On April 6, 1953, the circuit court of Pulaski County, attempted to send *the Elliott exceptions* to the circuit court of Phelps County. As to exceptions in 2559B to 2559F, inclusive, the order for change of venue was actually not made by the circuit court of Pulaski County, Missouri, until April 23, 1953, long after two prongs of the lawsuit had been sent to other counties, one of them having been sent to Phelps County. No order for a severance or for a separate trial nor any order for the clerk to make out separate docket sheets was ever made in the circuit court of Pulaski County, Missouri." (Italics ours.)

As indicated, the exceptions involving five of the tracts of real estate in question were attempted to be transferred on change of venue from the circuit court of Pulaski County to the circuit court of Laclede

County. Respondent admits that the circuit court of Pulaski County "made five entries in said condemnation suit purporting to award a change of venue to relator to the circuit court of Laclede County," to wit, in Nos. 2559B, 2559C, 2559D, 2559E, and 2559F. When these exceptions, which respondent refers to as "five segments of the lawsuit," reached the circuit court of Laclede County, the several defendants-exceptors interested in the respective tracts in question, filed their motion to remand these exceptions to the circuit court of Pulaski County on the ground that the circuit court of Laclede County, Missouri, was without jurisdiction of the subject matter of the action; that the circuit court of Pulaski County, Missouri, was without jurisdiction to transfer "the above case" to the circuit court of Laclede County, Missouri; that the circuit court of Pulaski County, Missouri, [462] exceeded its jurisdiction in attempting to transfer "the above case" to the circuit court of Laclede County, Missouri; that "the circuit court of Pulaski County, Missouri, was without jurisdiction to transfer a portion of the above case to the circuit court of Maries County, Missouri, another portion thereof to the circuit court of Phelps County, Missouri, and another portion thereof to the circuit court of Laclede County Missouri"; "that the circuit court of Pulaski County, Missouri was without jurisdiction to grant a change of venue in the above case for the reason that the statutes of Missouri which purport to allow a change of venue in civil cases has been repealed by the Constitution of Missouri for 1945; and that no request for severance or for separate trials has ever been made in the above cause."

After the motion to remand was heard by respondent in the circuit court of Laclede County on October 5, 1954, he stated his position as follows: "It is made clear to the Court today in pre-trial conference that, upon the filing of the application for change of venue in this cause in Pulaski County, the Court sent one branch of the case to Maries County and then sent the other branch, the one we are concerned with today, to Laclede County. * * * The Court takes the position that this was one case in Pulaski County when it was filed by the condemnor against various property owners, that since no severance was made in Pulaski County, it was one case at the time the application for change of venue was filed, that it was one case when the change of venue order was made, and that the circuit court of Pulaski County had no jurisdiction to transfer a part of the case to Laclede County and another part to Maries County."

Respondent announced in open court his intention to sustain defendants'-exceptors' motion to remand "the case" and to order the circuit clerk to return these five exceptions to the circuit court of Pulaski County, however, he agreed to allow plaintiff (relator here) time to apply for a writ of prohibition.

It will be noted that at the time of announcing his decision to remand the exceptions, respondent did not mention or refer to the change of venue statutes, nor to any other ground relied upon by the defendants-

exceptors in their motion to remand. In his answer and return to our preliminary rule, however, respondent alleges that the statutes of Missouri, which purport to allow a change of venue in civil cases, to wit, Sections 508.090 and 508.140 RSMo 1949, have been repealed by Sections 6 and 15 of Article V of the Constitution of Missouri 1945; that said statutory provisions are inconsistent with the 1945 Constitution and, therefore, were repealed by implication by its adoption; that the legislature has never re-enacted Section 508.140 and, therefore, the entire section is invalid and ineffective, and, by reason thereof, there is no existing valid statute that authorizes or permits a change of venue from one county to another; and that the circuit court of Pulaski County was without jurisdiction or authority to transfer a civil case from the Judge of the 39th Judicial Circuit to the Judge of the 19th Judicial Circuit, or to transfer a case to a circuit court in the 19th Judicial Circuit and without the 39th Judicial Circuit. (As to the counties in these circuits, see sections 478.137 and 478.201 RSMo 1949 as amended Laws 1951, p. 438.) Respondent, in his brief, further points out that "the petitions for change of venue filed by relator in the circuit court of Pulaski County were directed only to the inhabitants of Pulaski County and not against the Judge of the 39th Judicial Circuit of Missouri."

In this court respondent contends (1) that "the circuit court of Pulaski County, Missouri, was without jurisdiction to grant a change of venue in the condemnation suit for the reason that the statutes of Missouri which purport to allow a change of venue in civil cases have been repealed by the Constitution of Missouri for 1945"; (2) that "the filing of exceptions in a condemnation suit does not convert the original suit into as many separate suits as there are separate tracts of land, because [463] the condemnation suit which relator brought in the circuit court of Pulaski County, Missouri, is and remains one lawsuit until such time as an order for severance and for separate trials has been ordered"; and (3) that "the relator has failed to establish any right to prohibition in this action." These contentions clearly point out the issues presented on this record.

It will be noted that, while relator contends that respondent is acting and threatening to act and will act without legal authority or jurisdiction and in excess of jurisdiction and will remand the five exceptions in question to the circuit court of Pulaski County, unless prohibited by an order of this court, and while the burden rests upon relator to show that respondent is without jurisdiction to enter the order remanding the several exceptions to the circuit court of Pulaski County or will exceed his jurisdiction in making such an order, the case necessarily turns upon respondent's contentions, as set forth in his answer and return to our preliminary rule, and as here urged, to wit, that the circuit court of Pulaski County acted in excess of jurisdiction and without authority in transferring the several exceptions to the circuit

court of Laclede County and, therefore, that the circuit court of Laclede County acquired no jurisdiction. Respondent of course insists that, since by reason of the facts as stated the circuit court of Laclede County acquired no jurisdiction to proceed with the trial of said exceptions, it became, and now is, respondent's duty to remand the several exceptions to the circuit court of Pulaski County. State ex rel. Creamer v. Blair, 364 Mo. 927, 270 S.W. (2d) 1.

As stated, respondent contends there is no existing valid statute authorizing or permitting a change of venue from one county to another county; and that the statutes which purport to allow changes of venue in civil cases have been repealed by Sections 6 and 15, Article V, Constitution of Missouri 1945.

Section 508.090 RSMo 1949, in part, provides that "A change of venue may be awarded in any civil suit to any court of record, for any of the following causes: * * * (3) That the inhabitants of the county are prejudiced against the applicant; (4) That the opposite party has an undue influence over the inhabitants of the county * * *." Section 508.140 RSMo 1949, in part, provides: "If reasonable notice shall have been given to the adverse party or his attorney of record, the court or judge, as the case may be, shall consider the application, and if it be sufficient, a change of venue shall be awarded to some county in the same, adjoining or next adjoining circuit, convenient to the parties for the trial of the case and where the causes complained of do not exist * * *."

We have omitted the part of these sections dealing with the disqualifications of a judge, because in the case of State ex rel. Creamer v. Blair, supra, 270 S.W. (2d) 1, 4, it was held that Sections 508.090 and 508.140, supra, were nullified to the extent that they conflicted with Sections 6 and 15, Article V of the Constitution of Missouri 1945, that is, "in so far as they provide for the granting of a change of venue upon the ground of disqualification of the judge." And see State ex rel. Earnest v. Meriwether (Mo. Sup.), 270 S.W. (2d) 20, 23(4). The portions of the sections, as set out above, do not refer to instances involving the disqualification of a judge. Respondent, however, insists that the several provisions of said statutes are dependent and inseparable; that the invalid and unconstitutional portions cannot be separated from the remaining portions of the sections; and, further, that the legislature would not have enacted the statutes in the form in which they remain after the invalid and unconstitutional portions have been deleted.

"It is well settled that a statute may be sustained as constitutional in part though void in other parts, unless its provisions are so connected and interdependent that it cannot be presumed the legislature would have enacted one without the other. 'The test * * * is whether or not,* * *, [464] after separating that which is invalid, a law in all respects complete and susceptible of constitutional enforcement is left,

which the legislature would have enacted if it had known that the exscinded portions were invalid.' State ex rel. Audrain County v. Hackmann, 275 Mo. 534, 205 S.W. 12, 14. The rule is thus succinctly stated in State ex inf. Hadley v. Washburn, 167 Mo. 680, 697, 67 S.W. 592, 596, 90 Am. St. Rep. 430; 'Where the part of an act that is unconstitutional does not enter into the life of the act itself, and is not essential to its being, it may be disregarded, and the rest remain in force.' '' Poole & Creber Market Co. v. Breshears, 343 Mo. 1133, 125 S.W. (2d) 23, 33; 82 C.J.S. 149, Section 92.

As stated, the invalid and unconstitutional portions of the two statutes are those portions which provide for the granting of a change of venue upon the ground of the disqualification of the judge. No part of either of the two Constitutional provisions upon which the respondent relies deals with the matter of a change of venue from a county because of grounds (3) and (4) in Section 508.090. We find no conflict between the portions of the statutes, as set out above, and any portions of the Constitution relied upon. With the invalid portions of these two statutes deleted, the portions which we have set out above are complete in themselves and capable of enforcement and application to cases where a change of venue is sought from the county on either ground (3) or (4) of Section 508.090. We find no basis for concluding that the legislature would not have enacted these statutes in their present form if it had known that the provisions with reference to a change of venue because of the disqualification of a judge were invalid. To the extent here in question, we must and do hold that the remaining provisions of the two statutes are valid and enforceable; and that a change of venue in a proper case on grounds (3) or (4) could be granted from the circuit court of Pulaski County in the 39th Judicial Circuit to the circuit court of Laclede County in the 19th Judicial Circuit.

Did the circuit court of Pulaski County lose jurisdiction of the five exceptions in question by sending one of the other exceptions in the condemnation case to Maries County and another to Phelps County for trial of the issue of damages as to the particular tracts there involved, so that it had no jurisdiction to send five exceptions on change of venue to Laclede County for trial?

The condemnation suit in question was instituted by relator under the provisions of Chapter 523 RSMo 1949. See Section 226.270 RSMo 1949. Commissioners were appointed and filed their report in conformity to the provisions of Section 523.040 RSMo 1949. The plaintiff and defendants in the condemnation suit filed their respective separate exceptions to the commissioners' report as to the respective awards made by the commissioners. In this connection Section 523.050 RSMo 1949, in part, provides: '' * * * the report of said commissioners may be reviewed by the court in which the proceedings are had, on written exceptions, filed by either party in the clerk's office. within ten days

after the service of the notice of aforesaid; and the court shall make such order therein as right and justice may require, and may order a new appraisement, upon good cause shown. * * * Such new appraisement shall, at the request of either party, be made by a jury, under the supervision of the court, *as in ordinary cases of inquiry of damages* * * *." (Italics ours.) Further, Section 523.060 RSMo 1949, expressly provides that "any plaintiff or defendant, individual or corporate, shall have the right of trial by jury of twelve persons, if either party file exceptions to the award of commissioners in any condemnation case." And see Article 1, Sections 26 and 22(a), Constitution of Missouri 1945.

It has long been held in this state that, upon the filing of exceptions to the report of commissioners in a condemnation case, there is no need for a formal order of court setting aside the commissioners' report; and that, when a party files his exceptions [465] to the report and asks for a jury to assess his damages, he is entitled to a jury as a matter of right. The court has no discretion in the matter. Southern Missouri & Arkansas R. Co. v. Wyatt, 223 Mo. 347, 354, 122 S. W. 688; St. Louis I. M. & S. R. Co. v. Pfau, 212 Mo. 398, 410, 111 S.W. 10; Southern Missouri & Arkansas R. Co. v. Woodard, 193 Mo. 656, 661, 92 S.W. 470. The right to a change of venue because of the prejudice of the inhabitants of a county is of course one of the rights given to litigants in such cases by the statutes above mentioned. The St. Louis, Oak Hill and C R Co. v. Fowler, 113 Mo. 458, 466, 20 S.W. 1069.

As stated, respondent insists that the filing of the several exceptions in a condemnation case did not convert the original suit into as many separate actions as there were separate tracts of land; that the condemnation case remained one lawsuit, since no formal order for severance or for separate trials had been entered; and that the removal to Maries County as to one party defendant removed the entire condemnation case and all exceptions to that county.

Respondent relies upon a particular provision in Section 508.140 RSMo 1949 to the effect that, if one or more of several parties plaintiff or defendant ask a change of venue and "the change is awarded the entire cause shall be removed." Fears v. Riley, 148 Mo. 49, 63, 49 S.W. 836; Bowling v. Lewis, 228 Mo. App. 618, 71 S.W. (2d) 503, 505. This is the same section which respondent, as indicated above, contends is "invalid in toto," because of conflicts with the Constitution of 1945. We think the rule stated in the statute has no application here, where, prior to the application for change of venue, separate exceptions raising separate issues had been filed under the statutory provisions referred to, which statutes expressly granted the exceptors separate trials as to the separate tracts, "as in ordinary cases of inquiry of damages." No formal order of the court for severance and separate trials of the several exceptions was required in view of the constitutional and statutory provisions referred. Any order of the court look-

ing to that end was sufficient. Nor could said provisions of Section 508.140 apply here, where the trial court had definitely ordered a severance and separate trials of the issues of damages as to the respective tracts by granting *separate changes of venue as to different exceptions* involving the issue of damages as to the several tracts. See Section 510.180 RSMo 1949; and Supreme Court Rule 3.195 which is not yet effective.

Respondent further relies upon The Kansas City, Nevada and Ft. Smith R. Company v. Erwin, 50 Mo. App. 552, 555, where in a condemnation case involving eleven separate tracts of land, each of the several owners of the several tracts filed exceptions and the clerk docketed each as a separate case, but no severance was asked by any of the parties and "no order looking to separate trials was made by the court." In that case the plaintiff applied for a change of venue as to all of the excepting defendants and the venue of the case was changed to Johnson County. Apparently there was a single application for change of venue and a single order by the court. The Court of Appeals held that there was only one case "as the record stood when the change of venue was ordered"; and that the clerk could collect for only one transcript of the record. In that case no action of any kind had been taken with reference to any particular exceptions when the change of venue order as to the whole case was entered. The opinion is not applicable under the facts here.

The filing of the separate exceptions involving the issue of damages for the taking of the respective tracts presented separate and distinct issues for trial under the procedure governing ordinary civil cases. State ex rel. State Highway Comm. v. James (Mo. App.), 115 S.W. (2d) 225, 226. Each of the exceptions filed by the respective landowners as to the awards for their separate tracts were independent of the exceptions as to the other tracts, as each claim stood upon its own footing. [466] State ex rel. State Highway Commission v. Scheer (Mo. App.), 84 S.W. (2d) 641, 642.

The opinion of this court in the case of State ex rel. Union Electric Lt. & Power Co. v. Bruce, 334 Mo. 312, 66 S.W. (2d) 847, reviews the procedure in condemnation cases, but respondent insists that what is there said was unnecessary to the decision; and that it is obiter dictum and not controlling. In that opinion it is stated: "If exceptions are filed to the award the question of damages is all that is left in the case. * * * Each landowner defendant may file exceptions. The exceptions filed are tried separately as to each landowner and the outcome of one does not affect the other. * * * The right to a trial by jury does not depend upon any action of the court. Our Constitution guarantees that right. * * * 'It was not necessary for the court to make an order setting aside the report of commissioners in order to entitle defendants to a jury trial on the question of compensation, as either party was entitled to such a trial as a matter of right, which was

guaranteed to them by the fundamental law of the State.' * * * The exceptions that are filed to the award may be termed the pleading that first raises an issue of fact triable by a jury. * * *.'' In answer to a contention that an application for a change of venue must be filed at the beginning of the suit, the court further said: ''The damages to each must be separately assessed. Therefore, any one of the defendants, or the plaintiff, who was of the opinion that he could not obtain a fair trial by jury in his county, would be compelled to file an application for a change of venue at the beginning of the proceeding. This would necessitate sending the entire case to another county. * * * All this can be avoided by permitting an application for change of venue to be filed after the filing of exceptions to the award.'' We think the opinion in the Bruce case correctly reviews the well established procedure in this state in condemnation cases.

In the case before us it is admitted that No. 2559A refers to the Burcham exceptions to the commissioners' report; that ''2559A was apparently intended to include the issues of just compensation as to the land owned by Allen T. Burcham''; and that the circuit court of Pulaski County, on April 6, 1953, made an order in case No. 2559A by which a change of venue was granted from Pulaski County to Maries County. Clearly such order was entirely sufficient to constitute an order of severance for the purpose of the trial of the issue of damages as to the Burcham tract of land. The sending of these exceptions to Maries County for a trial of the issue of damages as to this exceptor was sufficient to effect a complete severance of these exceptions from the other exceptions filed in the original condemnation case. Thereafter, on the same day it is admitted that the circuit court of Pulaski County made an order in case No. 2559G that the petition for change of venue therein from the inhabitants of Pulaski County be sustained and the venue of case No. 2559G be changed to Phelps County. It is admitted, as stated, that case No. 2559G referred to the exceptions filed by Charles H. Elliott and Helen Elliott; and that it ''was apparently intended to include the issues of just compensation as to the land owned by'' Charles H. Elliott and Helen Elliott. This was a sufficient severance and order for a separate trial of the Elliott exceptions. Thereafter, five further separate orders were entered of record changing the venue of the exceptions numbered 2559B, 2559C, 2559D, 2559E and 2559F, from the circuit court of Pulaski County to the circuit court of Laclede County. A $10.00 docket fee was paid in each case. These several orders as entered in the circuit court of Pulaski County sufficiently separated the several exceptions from each other and from the remaining exceptions. Apparently the exceptions filed to the commissioners' report as to the eighth tract remained in the original case, at least no order appears to have been made therein.

The orders of the circuit court of Pulaski County clearly evidence an intention to effect a complete severance of the several exceptions

460

from each other for the purpose of separate trials. The circuit court of Pulaski County had full jurisdiction [467] and authority to send the five exceptions in question to the circuit court of Laclede County for trial and the said circuit court of Laclede County acquired full jurisdiction to proceed with the trial of said exceptions as independent cases, nevertheless, unless prohibited, respondent will remand these five exceptions to the circuit court of Pulaski County on the ground that the circuit court of Laclede County acquired no jurisdiction of them.

On the record presented respondent is without lawful authority to remand the five exceptions to the circuit court of Pulaski County. An order to remand would be in excess of jurisdiction. Relator's remedy by appeal in the circumstances would be wholly inadequate.

Our preliminary rule should be made permanent. It is so ordered. All concur.