STATE ex rel. State of Missouri, STATE HIGHWAY COMMISSION of Missouri, Plaintiff,

v.

Paul A. MAHON et al., Respondents,

Oliver Doerflinger, d/b/a Oliver Oil Co., Appellant.

No. 23416.

Kansas City Court of Appeals.

Missouri.

Oct. 2, 1961.

Ike Skelton, Lexington, for appellant.

Harvey Burrus, Independence, for respondents.

MAUGHMER, Commissioner.

This appeal was originally lodged in the Supreme Court. That court by its opinion (State ex rel. State Highway Commission v. Mahon, Mo., 343 S.W.2d 165) ruled it did not have jurisdiction and transferred the cause here. We believe the summarization of facts contained in that opinion to be complete and sufficient for our purposes. It is therefore adopted and incorporated herein.

In this case plaintiff condemned a tract of land containing 2.435 acres located on U. S. Highway 40 near Odessa, Missouri. Respondents Paul H. and Dolin Mahon were the owners of the land. Appellant, Oliver Doerflinger, d/b/a Oliver Oil Company, was in possession of the premises as lessee under a five-year written lease which was to expire on March 15, 1963. A filling station building and a restaurant building were located on the premises. Appellant operated the filling station and had sublet the restaurant building to defendants Jesse H. and Edna Stenbell upon a month-to-month tenancy at a rental of $50 per month. Appellant was required to vacate the premises 42 months before the expiration of the lease.

The commissioners awarded damages for the appropriation of the property in the sum of $13,920. Separate exceptions were filed by appellant and respondents. There had been no trial of these exceptions at the time this appeal was taken. Plaintiff paid the amount of the award to the circuit clerk who issued a check in that amount payable to all defendants who were alleged to have an interest in this land. The parties were unable to agree upon a division of the money and respondents thereafter filed a motion in which they alleged that they were entitled to the entire award and prayed that the court so adjudicate. The court heard evidence offered by respondents and appellant (the Stenbells apparently making no claim to any part of the award), made a finding that appellant's lease "had no value at the time of the taking or appropriation of said land by plaintiff," and adjudged that the whole amount of the award be paid by the clerk to respondents. Appellant's motion for judgment or in the alternative for a new trial was overruled and he has appealed to this court.

The lease provided that appellant should pay respondents a rental computed on the basis of "one (1) cent per gallon on each gallon of gasoline dispensed on the premises and one-half ($\frac{1}{2}$) cent per gallon on each gallon of diesel fuel and kerosene dispensed on the premises, said rent being due and payable on the 10th day of each month hereafter." The testimony indicated that the rent, so computed, averaged approximately $150 per month. Appellant testified that before he commenced business on the premises he spent $685 in repairing and painting the buildings; that he erected signs and installed eight pumps and six

'storage tanks; that the cost of removing the signs, tanks and pumps was about $750; that he had expected to amortize all of those expenses over the 60-month period of the lease but was required to vacate after 18 months. He also testified that during the period he operated under the lease his average net profit was $451.44 per month; that during the remaining period of the lease his profit, computed according to his 18-months' experience, would have been $18,860. An expert in mathematics testified that at an assumed interest rate of 4% the present cash value of appellant's anticipated future profit during the 42-month period would be $16,900.

■ The State Highway Commission is authorized to condemn lands for highway purposes by the provisions of Chapter 523. (See also Secs. 227.120(13) and 226.270) V.A.M.S. The report of the commissioners appointed to assess the damages is subject to timely exceptions filed by either party. Secs. 523.050, 523.060. Section 523.050 provides that after written exceptions are filed "the court shall make such order therein as right and justice may require and may order a new appraisement, upon good cause shown." However, the law is well established that when a party files such exceptions and asks for a jury to assess the damages, he is entitled to a jury trial as a matter of right (Sec. 523.060) and a formal order of court setting aside the commissioners' report is not required. State ex rel. Highway Commission of Missouri v. Curtis, 365 Mo. 447, 283 S.W.2d 458, 464, 465.

■ It seems clear in this state that where there are different interests or estates in the condemned property, the proper course is to ascertain the entire compensation as though the property belonged to one person and then apportion this sum among the different parties according to their respective rights. The value of property cannot be enhanced by any distribution of the title or estate among different persons or by contract arrangements between the owner and a lessee. This question was reviewed by the Supreme Court en banc in State ex rel. McCaskill v. Hall, 325 Mo. 165, 28 S.W.2d 80, 82, 69 A.L.R. 1256, and again in City of St. Louis v. Rossi, 333 Mo. 1092, 64 S.W.2d 600. The reasoning and the result of those two cases on this point was recently summarized by the same court in State ex rel. State Highway Commission of Missouri v. Conrad, Mo., 310 S.W. 2d 871, 877, as follows: " * * * the approved method is to assess in one sum the damages of all interests in a particular lot or tract, 'leaving the owners of the fee, lessees, trustees, mortgagees, and sublessees to apply to the circuit court for apportionment of the damages between them according to their various interests.' Such has been the routine procedure in many of our circuit courts for years." In condemnation actions of this nature the judgment is in rem and not in personam. City of St. Louis v. Koch, 169 Mo. 587, 70 S.W. 143, 144; State ex rel. Scott v. Trimble, 308, Mo. 123, 272 S.W. 66.

■ In the usual civil suit the losing litigant does not pay nor is he required to pay until a final judgment has been entered against him. However, our legislative bodies decided that our State Highway Commission (among others granted the right of eminent domain) should not be required to await the final outcome of extended litigation before commencing construction of a needed highway and so enacted Section 523.040, which provided a method by which such delay might be eliminated. This section, after requiring that commissioners be appointed and directing that their report be filed with the clerk, continues: " * * * and thereupon such company shall pay to the said clerk the amount thus assessed for the party in whose favor such damages have been assessed; and on making such payment it shall be lawful for such company to hold the interest in the property so appropriated for the uses aforesaid; * * * ". "The fact that the owners of the constitutive interests may not agree as to the apportionment among themselves of the sum awarded is

merely an incident growing out of such combined ownership for which the condemnor is in no way responsible." State ex rel. McCaskill v. Hall, supra, [325 Mo. 165, 28 S.W.2d 82] and State v. Conrad, supra. The Supreme Court (State ex rel. State Highway Commission v. Deutschman et al., 346 Mo. 755, 142 S.W.2d 1025, 1028) adopted the following quotation from School District of Kansas City v. Phoenix Land & Improvement Co., 297 Mo. 332, 249 S.W. 51, 53, as descriptive of the status of the matter when exceptions to the commissioners' report had been filed and were pending: " * * * the report of the commissioners became functus officio and the cause then stood as though no commissioners had ever been appointed".

When this appeal is considered we are quickly confronted with this question: Is the order (or judgment) entered a final judgment within purview of the statutes authorizing an appeal only from a final judgment or has this appeal been launched prematurely? The Supreme Court in its transfer opinion, which considered only the question of jurisdiction, was cognizant of this question and commented: "It would appear that the apportionment between the owner and lessee could, in many cases, be more accurately accomplished at the time of or after the final determination of the amount of damages upon the trial of the exceptions. However, since a condemnee is usually entitled to receive payment of the amount of the commissioners' award before trial of the exceptions, it would appear that the instant parties may have been within their rights in seeking an adjudication concerning the amount, if any, of said award each was entitled to receive. For the purposes of this opinion we will so assume." While this issue has not been raised by either respondents or appellant, it is for our consideration whether raised or not. Deeds v. Foster, Mo.Sup., 235 S.W.2d 262(1).

*When there is no controversy as to ownership*, the landowner may withdraw the amount of the commissioners' award when it has been deposited in the registry of the court, even though exceptions are pending. Likewise, when a final judgment is made finally fixing the amount of damages for the appropriation, if there is a dispute over distribution, the trial court may, when requested to do so, determine the proportionate share of each claimant and include such finding as a part of the final judgment. State ex rel. McCaskill v. Hall, supra; St. Louis Housing Authority v. Evans, Mo.Sup., 285 S.W.2d 550; City of St. Louis v. Moehlenhoff, Mo.App., 322 S.W.2d 155; State ex rel. State Highway Commission of Missouri v. Conrad, supra; City of St. Louis v. Senter Commission Co. et al., 233 Mo.App. 804, 108 S.W.2d 1070. We have been cited to no authority nor do we find any case where it was ruled that the amount of the commissioners' award deposited with the clerk was subject to division between contesting claimants while exceptions to the award were pending and consequently no final judgment had been entered fixing the total amount of damages. In Edmund Realty Co. v. Walmer Bldg. Co., 8 Cir., 123 F.2d 54, 55, cited by appellant on the question of proper admeasurement of a leasehold interest, there was first a judgment rendered fixing the value of the whole property and the parties acquiesced. The court describing the situation, said: "After the award had been settled and paid into the registry of the court, the owner of the fee and the lessee each presented an intervening petition asserting its respective claims."

The right of appeal is purely statutory. Section 512.020, V.A.M.S., insofar as it is material to the issues here, authorizes appeal "from any final judgment in the case." See also Sections 511.020, 511.130. The general rule is that a final appealable judgment must dispose of all the parties and all the issues of the claim. Anderson v. Metcalf, Mo.Sup., 300 S.W.2d 377, 378.

We quote the following from Bays v. Lueth, Mo.Sup., 323 S.W.2d 236, 237: " 'The general rule is that a judgment to

be final and appealable must dispose of all parties and all issues in the case and leave nothing for future determination. Bennett v. Wood, Mo.Sup., 239 S.W.2d 325, 327(3); State ex rel. Thompson v. Terte, 357 Mo. 229, 207 S.W.2d 487, 489(2); Deeds v. Foster, * * * (Mo.Sup., 235 S.W.2d 262). In the Deeds case it was said (235 S.W.2d 265): "The rule stated applies except for separate final judgments *expressly* ordered under Supreme Court Rule 3.29 (42 V.A.M.S.)." (Italics ours.) The purpose of the general rule is to prevent the piecemeal presentation of cases on appeal, or in detached portions. Weir v. Brune, 364 Mo. 415, 262 S.W.2d 597.'"

In State ex rel. State Highway Commission v. Smith et al., Mo.Sup., 303 S.W.2d 120, 122, 123, the State Highway Commission had instituted condemnation proceedings involving a right-of-way easement across a tract of land, on which was located a building housing machinery and equipment used as a factory. Commissioners were duly appointed and filed their report. Defendants and the Highway Commission both filed timely exceptions to the report of the commissioners, each demanding a jury trial, and the exceptions were still pending. Defendants filed a motion, asking that the machinery and equipment on the premises condemned, be ruled to be part of the condemned property. The court heard evidence on the question, took the matter under advisement and later entered an order overruling the motion, from which order the defendants appealed. The court said: "The report of the commissioners appointed to assess the damages is subject to timely exceptions filed by either party (Secs. 523.040, 523.050, 523.060); *and we find no authority for an appealable judgment as long as the controversy between the condemner and landowner is pending on exceptions to the commissioners' report.*" (Italics added.) Later on, the court said this: "An order on a part of a claim or on issues not disposing of the whole of a claim is not a final judgment. We consider the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim, to be the judicial unit for an appeal. Claims are not for review upon appeal piecemeal or in detached portions. (Citing cases)". It was held in that case that the appeal was premature and it was dismissed.

Suppose we should assume jurisdiction, take and decide this appeal on the merits of the controversy presented. Suppose further that thereafter the case is tried de novo, new and additional evidence is presented as to the value of the leasehold and the jury returns a verdict fixing the amount of damages at $20,000. We think the trial court should then when all of the evidence is in and when the amount of damages has been finally fixed, determine the value, if any, of the leasehold and incorporate such finding in the final judgment. Clearly too, under such assumed contingency, either litigant could appeal and if the judgment were in excess of $15,000, this court would not even have jurisdiction of the appeal. Moreover, all interim adverse rulings by the trial court on motions or in the form of orders entered before final judgment, remain open for appellate review until after entry of the final judgment. The complaining party is not required to, and actually may not, appeal until all issues have been resolved and the whole result has been incorporated into a final judgment.

The writer of this opinion dislikes very much to deny a decision on the merits of any appeal. However, it seems quite clear that the order (or judgment) appealed from is not a judgment disposing of all the issues and leaving nothing for future determination. If accepted, we would be hearing an appeal piecemeal or in a detached portion. The entry made does not even purport to settle all issues in this lawsuit. A jury trial de novo remains impending. Further proceedings in the trial court may and likely will lead to a further appeal as to

which this court might not even have jurisdiction.

Defendant's appeal is premature and is dismissed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.